Abraham J. Gellihoff, J.
In this article 78 proceeding, petitioners, retired New York City firemen, seek to annul the determination of the Board of Trustees of the Fire Department Pension Fund, denying petitioners “cost of living” supplements pursuant to section 207-i of the General Municipal Law (L. 1967, ch. 546). That section provides for a “ supplemental retirement allowance ’ ’ for all fire department retirees throughout the State, based upon the consumer price index published by the United States Bureau of Labor Statistics.
Subdivision c of section 207-i provides that: “The benefits hereinabove provided for shall be in lieu of the benefits presently provided by any other general, special or local law unless such benefits are in excess of those provided by this section, in which latter case such benefits shall be paid by the retirement system pursuant to this section.”
*156 Respondents have interpreted the term ‘ ‘ benefits ’ as used in the above subdivision, to mean any hind of supplemental allowance. Petitioners already receive “ supplemental pension payments ” under sections D49-30.0 and D49-31.0 of the New York City Administrative Code which are greater than the “ supplemental retirement allowance ” provided for in the above-mentioned section 207-i. Accordingly, respondents have determined that petitioners are not entitled to the additional “cost of living” payments under section 207-i. Petitioners, on the other hand, assert that the ‘1 benefits ’ ’ referred to in subdivision c of section 207-i mean cost of living payments otherwise provided for, not the “ supplemental pension payments ” provided for in the Administrative Code.
Petitioners are all retirees who were employed and retired under the city’s pension plan established in 1940. That plan (Administrative Code, ch. 19, tit. B, art. 1-B, hereinafter referred to as the “ article 1-B plan ”) provided that, upon retirement, a retiree would receive a pension computed on the basis of his “final compensation”, namely, a five-year average salary (Administrative Code, § B19-7.54, subd. 6).
In 1963, section 207-e of the General Municipal Law (L. 1963, ch. 260) was enacted, providing that, ‘ ‘ notwithstanding the provisions of any general, special or local law, charter or administrative code to the contrary,” a member of any paid fire department in the State, retiring on or after May 1, 1963, should, upon retirement, receive a pension of one half of the retiree’s annual compensation on the date of retirement. Petitioners herein had retired during the period between April 8, 1960 — the first date on which they were eligible for retirement under the article 1-B plan — and May 1, 1963. Hence, when section 207-e of the General Municipal Law became effective, petitioners’ pensions had already been computed on the basis of their five-year average salary (Administrative Code, § B197.54, subd. 6).
In order to afford retirees in petitioners’ position the same pension base as those retiring after May 1, 1963, a new article 4 was added to the Administrative Code (Local Laws, 1964, No. 99 of City of New York, eff. Nov. 12, 1964). Sections D49-30.0 and D49-31.0 of article 4 of the Administrative Code provided for a “ supplemental pension payment to be known as a supplemental retirement allowance ” for firemen who had retired between April 8, 1960 and May 1, 1963. This “ supplemental retirement allowance ’ ’ was to be ‘ ‘ an amount which, together with pension or retirement allowance * * * *157 received by such fire retired employee, shall be equal to one-half of his annual compensation earned at the date of his retirement ” (Administrative Code, § D49-31.0). Thus, those who retired between April 8, 1960 and May 1, 1963, would have their pensions computed on the same basis as those who retired after May 1, 1963, namely, one half of annual compensation on the date of retirement.
Finally, to extend to all firemen governed by the article 1-B plan, who had not yet retired, the same pension of one half of their annual compensation on the date of retirement, the Legislature amended the definition of “ final compensation ” as stated in article 1-B of the Administrative Code (§ B19-7.54, subd. 6) to read that ‘ ‘ final compensation shall mean the annual compensation * * * upon the date of his retirement ’ ’ (L. 1965, ch. 356).
The result of these various amendments is the maintenance of a uniform pension system for New York City fire retirees. Every retiree under the article 1-B plan, whether he retires after May 1, 1963 — the effective date of section 207-e of the General Municipal Law — or he retired before that date, now receives a pension based upon the same criterion: one half his annual compensation on the date of his retirement. And every article 1-B plan retiree also receives the State-wide 11 cost of living supplements ” mandated by section 207-i of the General Municipal Law except petitioners, who happened to retire between April 8, 1960 and May 1, 1963.
It is true, as respondents contend, that the effect of the new article 4 added to the article 1-B plan is to grant supplemental retirement allowances to fire retirees who retired before this local legislation was enacted, and therefore increases retirement allowances which had already vested. And it is also true that, were it not for the State constitutional amendments permitting an increase in pensions (see, N. Y. Const., art. VIII, § 1, eff. Jan. 1, 1960; art. VII, § 8, eff. Jan. 1, 1952), an increase in the pension of a former member of a retirement system who has already retired under that system would be an unconstitutional gift of public funds (Matter of Mahon v. Board of Educ., 171 N. Y. 263, 266-267; People ex rel. Waddy v. Partridge, 172 N. Y. 305).
In that sense, therefore, the supplemental pension payment provided for by article 4 is, of course, a benefit. But it is not the kind of benefit which section 207-i of the General Municipal Law contemplates as a bar to receiving the benefits provided for in that section. In form, the additional amount provided *158 for is a supplemental payment (Administrative Code, § D4931.0). But in essence it is a corrective payment, designed to effectuate the declared public policy of the State (General Municipal Law, § 207-e). Section D49-31.0 of the Administrative Code itself makes this plain. It says that the fire retired employee shall receive a supplemental “pension payment ” which, ‘ ‘ together with pension or retirement allowances * # * received by such fire retired employee, shall be equal to one-half of his annual compensation.” Thus, this supplemental pension payment forms a permanent, vested, component of the pension corpus. It is an ingredient of the res, of the very marrow of the pension itself. It is not a bonus or subsidy. It inheres in the basic, earned pension right.
The benefit provided for in section 207-i of the General Municipal Law, on the other hand, is a temporary, transitory measure, re-enacted annually (L. 1967, ch. 546; L. 1968, ch. 1091; L. 1969, ch. 849; L. 1970, ch. 954; L. 1971, ch. 454; L. 1972, ch. 283), designed to afford ad hoc relief. Concededly, it is patterned after sections 78 and 378 of the Retirement and Social Security Law (cf. Historical Note, McKinney’s Cons. Laws of N. Y., Book 50%) Retirement and Social Security Law, § 160; N. Y. Legis. Annual, 1952, p. 139; N. Y. Legis. Annual, 1960, p. 427; also cf. Assembly bills A. 1134, A. 2265, 1967 Sess.). Subdivisions d of sections 78 and 378, when read in context with the rest of the statute, make explicit that the purpose of their similar limitation provisions is to prevent a double payment of cost of living supplements. That subdivision c of section 207-i, the counterpart of subdivisions d of sections 78 and 378, uses the more general term “ benefits ” does not indicate a different intent. Unlike sections 78 and 378, section 207-i was not to be implemented as part of a unified Statewide program, but rather was to apply to a great number of differing local programs. Specific reference to particular supplemental benefits was therefore impossible.
Accordingly, the court concludes that sections D49-30.0 and D49-31.0 of the Administrative Code do not confer “ benefits ” as that term is used in subdivision c of section 207-i of the General Municipal Law. The petition is granted, respondents’ determination is annulled, and respondents are directed to pay petitioners the supplemental retirement allowance provided for in section 207-i of the General Municipal Law, retroactive to the effective date provided for by that section.