■ In the Matter of WALTER J. SHEERIN et al., Respondents-Appellants, v NEW YORK FIRE DEPARTMENT ARTICLES 1 AND 1B PENSION FUNDS et al., Appellants-Respondents.—Judgment, Supreme Court, New York County, entered June 27, 1977, granting the petition to the extent of compelling payment of additional benefits under section 207-i of the General Municipal Law prospectively, from July 1, 1977, modified, on the law and the facts, to the extent of directing that recovery be from August 1, 1976, and otherwise affirmed, without costs or disbursements. We in the majority concur in the rationale of Special Term in granting the petition. However, we would modify Special Term only to the extent of directing that payments be made from August 1, 1976, the date when formal demand for such payments was deemed received by petitioners. The formal demand was mailed on July 28, 1976 and was therefore deemed received by the petitioners on August 1 (see, generally, CPLR 2103, subd [b], par 2). Concur—Lupiano, Birns and Lane, JJ.; Murphy, P. J., dissents in the following memorandum: The petitioners, members of either the Article 1 or Article 1B Fire Department Pension Fund, retired as a result of accident disability prior to July 1, 1965. Upon retirement, they received pensions or retirement allowances (hereinafter pensions) equal to three fourths of their annual salary upon retirement. (Administrative Code of City of N. Y., § B19-4.0, subd a, pars 1, 2; § B19-7.89.) In October of 1966, each petitioner received a pension increase that raised his retirement allowance to a level not less than one half the salary of a first grade fireman on July 1, 1965 (Administrative Code, §§ B19-4.1, B19-7.891). However, this 1966 legislation contained restrictive provisions that the pensions payable thereunder were in lieu of any pensions payable under sections B19-4.0 and B19-7.89 of the Administrative Code or any other law (Administrative Code, § B19-4.1, subd c; § B19-7.891, subd c). In 1967, the Legislature enacted a statute which provided for the payment of a supplemental retirement allowance to fire department retirees who had retired prior to 1970 (General Municipal Law, § 207-i). This supplemental retirement allowance was to be based upon increases in the cost of living as reflected in the Consumer Price Index published by the United States Bureau of Labor Statistics. Subdivision d of section 207-i of the General Municipal Law contained the following restrictive language: "The benefits hereinabove provided for shall in lieu of the benefits presently provided by any other general, special or local law unless such benefits are in excess of those provided by this section, in which latter case such benefits shall be paid by the retirement system pursuant to this section." Following the enactment of section 207-i of the General Municipal Law, the petitioners received the higher of (1) their original pensions under section B19-4.0 or section B19-7.89 of the Administrative Code plus the supplemental retirement allowance under section 207-i of the General Municipal Law, or (2) their pensions set forth in section B19-4.1 or section B19-7.891 of the Administrative Code without supplement under section 207-i of the General Municipal Law. On November 15, 1973, the City Council passed Local Laws

Nos. 92 and 93, amending sections B19-4.1 and B19-7.891 of the Administrative Code. Pursuant to these amendments, the petitioners' pensions were increased from one half to three quarters of the annual salary payable to a first grade fireman as of July 1, 1965. Those amendments also deleted those portions of subdivision c of section B19-4.1 and subdivision c of section B19-7.891 of the Administrative Code as prohibited the payment of pension benefits under laws other than sections B19-4.0 and B19-7.89 of the Administrative Code. By letter dated February 12, 1974, petitioner Sheerin informally wrote the chairman of the "Mayors Pension Committee" wherein he requested that sections B19-4.1 and B19-7.891 of the Administrative Code, as amended by Local Laws Nos. 92 and 93, be augmented by section 207-i of the General Municipal Law. In April of 1974, the Corporation Counsel rendered an opinion denying Sheerin's request for this augmentation. It was not until July 28, 1976 that petitioner's counsel made a formal demand upon the respondents for the retroactive implementation of section 207-i of the General Municipal Law. By letter dated September 21, 1976, the respondents refused that demand. The present proceeding was commenced on or about September 28, 1976. It is the petitioner's prime contention that Local Laws Nos. 92 and 93 increased the pension base available to disability retirees and did not constitute a cost-of-living supplement barred by subdivision d of section 207-i of the General Municipal Law. Respondents, on the other hand, maintain that the increase effected under Local Laws Nos. 92 and 93 constituted a cost-of-living supplement. The court at Special Term found that the City Council intended to raise the basic pension upon which a supplement could be paid in accordance with section 207-i of the General Municipal Law. However, the court further found that, by reason of their laches, petitioners could only recover prospectively, as of July 1, 1977. Section 207-i of the General Municipal Law was passed with the aim of giving a cost-of-living supplement to retired firemen. Local Laws Nos. 92 and 93, in the form enacted, would seem to increase the petitioners' base pension from one half to three quarters of the annual salary payable to a first grade fireman as of July 1, 1965. However, in order to determine the true character of Local Laws Nos. 92 and 93, one must analyze much more than the mere "form" of those amendments. When Local Laws Nos. 92 and 93 were passed in 1973, the petitioners were receiving their pensions for many years under various sections of the Administrative Code that were passed no later than 1966. In other words, Local Laws Nos. 92 and 93 were not passed from an immediate necessity to correct a fundamental inequity in the basic structure of the fire department pension funds. Thus, the facts surrounding the instant proceeding may be readily distinguished from those found in *Matter of Rivington v Lowery* (70 Misc 2d 155, affd 41 AD2d 703, mot for lv to app den 32 NY2d 613). In *Rivington,* the Administrative Code was expeditiously amended in 1964 to *correct* the inequities flowing from the passage of section 207-e of the General Municipal Law in 1963. The code was not amended in *Rivington* for the prime purpose of giving the petitioners therein a *supplemental* pension. In urging the passage of Local Laws Nos. 92 and 93 at a public hearing before the Mayor, petitioner Sheerin concluded with the following remarks: "So we urge, Mr. Mayor, take advantage of this last opportunity to right a wrong and lift these old pensioners above the welfare level of New York, which is what it is, and help them fight the ever-increasing inflation and they surely won't forget it." From the foregoing excerpt, there can be little doubt that, despite petitioner Sheerin's present posture in this case, he previously viewed Local Laws Nos. 92 and 93 to be a vehicle for giving a cost-of-living increase to

retired firemen. I would agree with petitioner Sheerin's former position that the 50% increase in pensions effected by the passage of Local Laws Nos. 92 and 93 constituted a cost-of-living increase. This increase must be recognized as a pension supplement even though the City Council chose to pass it along in its present form rather than through a cost-of-living formula. Since the petitioners have already received a cost-of-living increase under Local Laws Nos. 92 and 93, I would not grant them double recovery by augmenting their pensions under section 207-i of the General Municipal Law. For the foregoing reasons, the petition should be dismissed.