■ A & J PRODUCE CORP. et al., Respondents, v DE PALO INDUSTRIES, INC., et al., Appellants. [626 NYS2d 802] —Order and

judgment (one paper), Supreme Court, Bronx County (Luis A. Gonzalez, J.), entered February 7, 1994, which granted plaintiffs' motion for summary judgment and awarded them a total of $502,415.22, while denying defendants' cross motion to amend their answer, unanimously reversed, on the law, without costs, the motion is denied, the cross motion is granted, and the matter is remanded for further proceedings.

The commercial plaintiffs, who are joined by their trade association, are wholesale fruit and vegetable purveyors at the New York City Terminal Market at Hunts Point. They sued one of their corporate customers for goods sold and delivered, and its principal on his personal guaranty. The judgment included a liquidated sum of nearly $77,000 in attorneys' fees as provided for in the guaranty.

The defense of termination was properly rejected because the individual defendant failed to comply with the specific terms for cancellation in the guaranty. However, plaintiffs' evidentiary showing was insufficient to shift the burden of raising triable issues of fact to defendants.

Plaintiffs submitted delivery invoices and returned checks issued by the corporate defendant, but none of these documents included signed receipts indicating said defendant's actual acceptance of the goods *(see, County Oil Co. v Bayview Owners Corp.,* 181 AD2d 809; *cf., Sunkyong Am. v Beta Sound of Music Corp.,* 199 AD2d 100). Thus, the burden of proof never shifted.

We note further that an alternative theory of account stated, first raised in the reply affirmation in support of plaintiffs' motion for summary judgment, must be rejected because it was never pleaded *(see, Lawrence v Esplanade Gardens,* 213 AD2d 216). That defendants may have paid some of the invoices without scrutiny for a brief period of time before discovering the fraud should at least raise an issue of fact as to whether this amounted to acquiescence in the billing process. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.