OPINION OF THE COURT
Marvin E. Segal, J.
FINDINGS OF FACT
The petitioner is an elementary school teacher presently employed full time by the respondent school district. She has been so employed since the 1982-1983 school year. Prior thereto, she was employed by the respondent as a substitute elementary school teacher as follows:
SCHOOL YEAR DAYS EMPLOYED
1961-1962 1966- 1967 1967- 1968 1968- 1969 1969- 1970 1970- 1971 1971- 1972 1972- 1973 1973- 1974 1974- 1975 1975- 1976 1976- 1977 1977- 1978 1978- 1979 1979- 1980 less than 20 days less than 20 days more than 20 days more than 20 days more than 20 days more than 20 days more than 20 days more than 20 days more than 20 days more than 20 days more than 20 days more than 20 days more than 20 days employed full time more than 20 days
*24 1980- 1981 1981- 1982 more than 20 days more than 20 days
Based upon this employment and pursuant to Education Law § 503 and Retirement and Social Security Law § 803, the petitioner seeks a judgment pursuant to CPLR article 78 compelling the respondents to grant her membership in the New York State Teachers’ Retirement System retroactive to the 1967-1968 school year. The respondents move to dismiss the petition.
Effective October 24, 1993, the Legislature enacted Retirement and Social Security Law § 803 which provides, in relevant part, as follows:
"a. A public retirement system shall have the authority to grant relief from a failure to file an application for membership in that system in connection with service rendered prior to April first, nineteen hundred ninety-three * * *
"b. Retroactive membership shall be granted to a member of a public retirement system who was entitled to join a public retirement system prior to the date on which the member actually joined such a system provided that:
"(1) the member files a written request for retroactive membership in a public retirement system * * * within three years of the effective date of this article * * *
"(2) membership shall only be granted retroactively back to the date from which the member has served continuously in a position * * * which would have entitled the member to join a public retirement system. For the purpose of this paragraph * * * a member shall be considered to have served continuously from the earliest date after which he or she shall have rendered at least twenty days of eligible service during each plan year of such public retirement system * * *
"(3) the employer who employed such member at the time he or she was first eligible to join a public retirement system files with the retirement system an affidavit stating that the relief sought is appropriate because the member did not (i) expressly decline membership in a form filed with the employer; (ii) participate in a procedure explaining the option to join the system in which a form, booklet or other written material is read from, explained or distributed * * * or (iii) participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system * * * The employer shall respond to all requests for such affidavits by a public retirement system. A member seeking to prove that he or she *25 did not participate in a procedure described in clause (ii) or (iii) hereof must do so by substantial evidence. An employer shall establish a review process which shall afford a member an opportunity to appear in person or in writing. If a determination has been made to deny retroactive membership, the employer shall produce an affidavit including a statement on the grounds on which such denial was based.”
The petitioner herein joined the Teachers’ Retirement System (hereafter TRS) in March 1974 placing her in "Tier II” status. Subsequent to the enactment of Retirement and Social Security Law § 803, the petitioner completed a claim form provided by the TRS seeking retroactive membership back to the 1967-1968 school year. TRS forwarded the employer’s affidavit to the petitioner. The petitioner completed part 1 of the affidavit and forwarded the form to the respondent school district. The respondent completed the affidavit on or about March 21, 1995, and denied the application on the ground that the petitioner "did participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join the retirement system and, therefore is not eligible for retroactive membership pursuant to section 803”.
By letter dated June 21, 1995, the petitioner requested a hearing reviewing the school district’s determination. The hearing was conducted on September 15, 1995. By letter dated December 19, 1995, the school district informed the petitioner of its determination denying her retroactive membership. The petitioner served a notice of claim on February 14, 1996. The petitioner contends that the school district’s determination was arbitrary, capricious and not supported by substantial evidence.
The respondents have not denied that the subject determination was arbitrary, capricious and not supported by substantial evidence. Rather, they moved for dismissal of the petition on the ground that Retirement and Social Security Law § 803 is unconstitutional. The respondents seek relief on various grounds. First they contend that Retirement and Social Security Law § 803 violates article VIII, § 1 of the New York State Constitution’s prohibition against gifts. The respondents further contend that the statute in issue violates the Due Process and Equal Protection Clauses of the State Constitution, to wit: article I, §§ 6 and 11.
*26 CONCLUSIONS OF LAW
(1) The respondents’ motion for an order dismissing the complaint is deemed an action for declaratory judgment pursuant to CPLR 103 (c). (See, Matter of Kovarsky v Housing & Dev. Admin., 31 NY2d 184; Matter of Jeter v Ellenville Cent. School Dist, 81 Misc 2d 511, mod on other grounds 50 AD2d 366, affd 41 NY2d 283.) The proponents of the declaratory judgment action are deemed to be the Board of Education of Lawrence Union Free School District and Dr. Stewart Weinberg, as Superintendent of Schools. The respondents’ contention, raised in the first instance in respondents’ reply memorandum, that the board members have standing in their capacities as individual taxpayers is not properly before the court. (See, A & J Produce Corp. v De Palo Indus., 215 AD2d 317; Lawrence v Esplanade Gardens, 213 AD2d 216.) Further, none of the board members has appeared in his or her individual capacity.
(2) Generally, a school district, as a subdivision of the State, created by the State for the convenient administration of the State’s governmental powers and responsibilities, lacks the capacity to bring suit to invalidate State legislation. (City of New York v State of New York, 86 NY2d 286, 290-291; County of Albany v Hooker, 204 NY 1.) "The only exceptions to the general rule barring local governmental challenges to State legislation which have been identified in the case law are: (1) an express statutory authorization to bring such a suit (County of Albany v Hooker, 204 NY, at 9, supra); (2) where the State legislation adversely affects a municipality’s proprietary interest in a specific fund of moneys (County of Rensselaer v Regan, 173 AD2d 37, affd 80 NY2d 988; Matter of Town of Moreau v County of Saratoga, 142 AD2d 864); (3) where the State statute impinges upon 'Home Rule’ powers of a municipality constitutionally guaranteed under article IX of the State Constitution (Town of Black Brook v State of New York, 41 NY2d 486); and (4) where 'the municipal challengers assert that if they are obliged to comply with the State statute they will by that very compliance be forced to violate a constitutional proscription’ (Matter of Jeter v Ellenville Cent. School Dist., 41 NY2d 283, 287 [citing Board of Educ. v Allen, 20 NY2d 109, affd 392 US 236])”. (City of New York v State of New York, supra, at 291-292.)
(3) The respondents lack capacity to challenge Retirement and Social Security Law § 803 on the ground that the statute violates the respondents’ rights under the Due Process and Equal Protection Clauses of the State Constitution. (City of *27 New York v State of New York, supra; County of Albany v Hooker, supra; Matter of Jeter v Ellenville Cent. School Dist., supra; see also, Newark v New Jersey, 262 US 192.)
(4) The respondents do have capacity to challenge Retirement and Social Security Law § 803 on the ground that their compliance with Retirement and Social Security Law § 803 would require that they violate the State Constitution’s proscription prohibiting a school district from making a gift. (City of New York v State of New York, supra; Board of Educ. v Allen, 20 NY2d 109, affd 392 US 236, supra.)
(5) Legislative enactments enjoy a strong presumption of constitutionality. (Schulz v State of New York, 84 NY2d 231, 241; People v Bright, 71 NY2d 376, 382; Matter of McGee v Korman, 70 NY2d 225, 231; Matter of Lower Manhattan Loft Tenants v New York City Loft Bd., 66 NY2d 298, 306.) The burden of proof rests upon the party challenging the constitutionality of a statute to prove beyond a reasonable doubt that there is no factual basis for the legislative determination. (See, United States v Salerno, 481 US 739; Benson Realty Corp. v Beame, 50 NY2d 994; Town of E. Hampton v Cuomo, 179 AD2d 337.) " 'If any state of facts, known or to be assumed, justify the law, the court’s power of inquiry ends’ (see, Defiance Milk Prods. Co. v Du Mond, 309 NY 537, 541; New York State Socy. of Enrolled Agents v New York State Div. of Tax Appeals, 161 AD2d 1). Similarly, it has been stated that '[s]o long as there is [a] reasonable basis in available information, and rationality in chosen courses of conduct to alleviate an accepted evil, there is no constitutional infirmity’ (see, Oriental Blvd. Co. v Heller, 27 NY2d 212, 219; see also, Montgomery v Daniels, 38 NY2d 41; Kletnieks v Brookhaven Mem. Assn., 53 AD2d 169, 175). It is also well recognized that courts may not substitute their judgment for that of the Legislature as to the wisdom and expediency of legislation (see, Matter of Malpica-Orsini, 36 NY2d 568)”. (Town of E. Hampton v Cuomo, supra, at 345.)
Article VIII, § 1 of the New York State Constitution was intended to curb raids on the public purse for the benefits of favored individuals or enterprises furnishing no corresponding benefit. (Matter of Mahon v Board of Educ., 171 NY 263; Local 456 Intl. Bhd. of Teamsters v Town of Cortlandt, 68 Misc 2d 645.) In the Mahon case, decided in 1902, a statute which granted pensions to persons who left public employment prior to the establishment of a pension system was held to provide a mere gratuity in violation of the State Constitution. The decision in Mahon is, however, clearly distinguishable on its facts. *28 Retirement and Social Security Law § 803 does not provide for the payment of pension benefits to persons who were not eligible for said benefits during the period of their employment, but rather, remedially affords retroactive pension benefits to persons who were eligible to enroll in the pension system during the term of their employment, but did not enroll because they did not have notice of their eligibility. (See, Governor’s Mem approving L 1993, ch 437,1993 NY Legis Ann, at 316.)
Further, the State Constitution as amended in 1951, in article VII, § 8? cl (2), provides, in relevant part, that the constitutional prohibition against gifts shall not prevent the Legislature from providing for "the increase in the amount of pensions of any member of a retirement system of the state, or of a subdivision of the state”. Pursuant to this authority, the State Legislature has periodically enacted legislation granting increased pension benefits not related to increased services or corresponding benefit to be derived by the employer. (See, Education Law § 533, enacted in 1968; § 535, as amended in 1976; L 1990, ch 666; see also, Matter of Rivington v Lowery, 70 Misc 2d 155, affd 41 AD2d 703, appeal denied 32 NY2d 613.)
The Retirement and Social Security Law does not create pension benefits for persons who would not have otherwise been eligible for such benefits, but rather provides a limited window of opportunity (three years) for members of a public retirement system to seek to join the system on an earlier date than the date on which they actually joined, upon the requisite proof, of certain prescribed criteria.
Retirement and Social Security Law § 803 does not violate the constitutional prohibition against gifts set forth in article VIII, § 1 of the State Constitution. This court may not address the wisdom or the expediency of the statute, or address issues raised which the proponents of those issues lack capacity to prosecute. Redress from the alleged unanticipated and substantial expenses incurred by the respondent school district lies within the legislative process.
Accordingly, the action for a declaratory judgment is dismissed. The petitioner’s application is granted.