■ Jack S. Dweck, Appellant, v Oppenheimer & Co., Inc., et al., Respondents. [816 NYS2d 440]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about August 9, 2005, which, in an action by an investor arising out of his alleged oral acceptance of defendants brokers' alleged oral offer to sell certain bonds, inter alia, granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiff's causes of action for breach of contract and fraud were properly dismissed on the ground that since he made no payments to defendants, and there being no dispute that the bonds could have been purchased from other brokers, no damages were sustained (see *Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436, 437 [1988]). Plaintiff's causes of action for specific performance and declaratory judgment were properly dismissed for the same reason. In any event, assuming plaintiff sustained the damages he claims—lost income derived essentially from a fixed interest rate—he would have an adequate remedy at law (*see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 415 [2001]). Plaintiff's cause of action under General Business Law § 349 was also properly dismissed for lack of injury (*see Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]). In any event, that statute does not apply to securities transactions (*see Fesseha v TD Waterhouse Inv. Servs.*, 305 AD2d 268 [2003]). Absent good ground to believe that plaintiff sustained a cognizable injury, leave to replead should not be granted (CPLR 3211 [e]). Concur—Buckley, P.J., Tom, Friedman, Nardelli and McGuire, JJ.