[897 NYS2d 391]

ROBERT A. DENENBERG, Individually and as Administrator of ROBERT A. DENENBERG, A SOLE PROPRIETORSHIP DEFINED BENEFIT PENSION PLAN, Respondent, v WARREN ROSEN et al., Defendants, and BANKERS LIFE OF NEW YORK, Also Known as BANKERS LIFE INSURANCE COMPANY OF NEW YORK, et al., Appellants.

First Department, January 7, 2010

### APPEARANCES OF COUNSEL

*K&L Gates LLP*, New York City (*Catherine R. Keenan* of counsel), for Bankers Life of New York, appellant.

*Calinoff & Katz, LLP*, New York City (*Robert A. Calinoff* of counsel), for Kenneth R. Harstein and others, appellants.

*Robert P. Levine, P.C.*, Yorktown Heights (*Robert P. Levine* of counsel), for Gary L. Thornhill and another, appellants.

*McDermott Will & Emery, LLP*, Chicago, Illinois (*Joshua G. Herman* and *Douglas E. Whitney* of the bar of the State of Illinois, admitted pro hac vice, of counsel), and *McDermott Will & Emery LLP*, New York City (*Daniel N. Jocelyn* of counsel), for Richard C. Smith and another, appellants.

*Harrington, Ocko & Monk, LLP*, White Plains (*Michael W. Freudenberg* and *Kevin J. Harrington* of counsel), for John Repetti and another, appellants.

*Schrier Fiscell & Sussman, LLC*, Garden City (*James B. Fiscella* and *Richard E. Schrier* of counsel), for respondent.

### OPINION OF THE COURT

MOSKOWITZ, J.

Plaintiff, a commodities trader, claims that all the defendants induced him to establish a pension plan that guaranteed tax benefits that the IRS later disallowed. The motion court dismissed claims against the moving defendants sounding in breach of contract, fraud and negligent misrepresentation. Plaintiff is not appealing the dismissal of these claims. Rather, the moving defendants appeal from the motion court's denial of their motions to dismiss the remaining claims against them in the 69-page complaint. We reverse the order of the motion court to the extent appealed from and dismiss the remaining causes of action against them, except for the accountant defendants, Repetti and Graf Repetti, who have abandoned that portion of

their appeal challenging denial of their motion to dismiss plaintiff's claims for unjust enrichment and accounting malpractice.

## Background

### I. The Parties:

Plaintiff commodities trader operated as a sole proprietorship. On December 26, 2002, he adopted a pension plan and became its administrator (the Plan). The Plan was effective October 1, 2001 and involved the purchase of life insurance policies for plaintiff and for his wife from Bankers Life of New York (Bankers).

Defendants Rosen and his company, Warren Rosen & Co., sell insurance and financial products. These defendants did not participate in the motions underlying this appeal.

Defendant Bankers advises and provides retirement services, employee benefits, life insurance and disability benefits.

Defendant Hartstein is an officer and controlling person of defendants ECI Pension Services, LLC (ECI) and Economic Concepts, Inc. (Concepts), which design and administer pension plans and sell insurance. One or both own the trademark to the "Pendulum Plan."

Defendant Thornhill controls defendant The Private Consulting Group (TPCG), a pension, insurance, consulting and brokerage firm.

Defendant Repetti is an accountant with defendant accounting firm Graf Repetti.

Defendant Bryan Cave LLP is a law firm (Bryan Cave or the firm).

Defendant Smith is a partner with Bryan Cave.

### II. The Allegations

Plaintiff alleges that defendants ECI, Concepts, Bankers and Bryan Cave promoted a tax shelter scheme they dubbed the Pendulum Plan. The strategy behind the Pendulum Plan was to fund a pension plan with life insurance policies. Plaintiff claims defendants benefitted from the sale of these life insurance policies. Some would receive commissions while others would receive indirect benefits, such as free trips and volume bonuses that they concealed from their customers.

Plaintiff claims that Repetti allegedly introduced Thornhill and Hartstein to Rosen to obtain introductions to Rosen's clients and that Repetti, Rosen, Hartstein, Thornhill and

Concepts agreed to share fees on commissions Bankers paid on the sale of its insurance to Rosen's clients, including plaintiff.

Plaintiff alleges that Thornhill, Hartstein and Rosen induced him to adopt the Plan by making false promises of its tax benefits and by preparing misleading illustrations showing an 8% return on policy investments. Plaintiff claims he reasonably relied on the advice of Rosen, Hartstein, Thornhill and Repetti in deciding to implement the Plan.

The Pendulum Plan was exclusively available through ECI, which marketed the plan through a brochure and other materials. The Pendulum Plan claimed the "highest tax deductible contributions" and a high rate of return. ECI targeted it at business owners. Plaintiff claims the marketing materials he received emphasized large tax deductions, but downplayed or omitted that the deductions did not increase plan benefits and failed to disclose the "enormous" level of commissions, fees and profits that defendants received.

The marketing materials included an opinion letter that Smith and Bryan Cave had issued, on September 10, 1999, to Hartstein/ECI expressing that the Pendulum Plan was legal. The opinion letter contained the caveat that it was solely for ECI:

> "This opinion is solely for the information of ECI Pension Services, LLC and its professional advisors. We have not considered whether adoption of the Plan would be appropriate for any particular employer . . . The deductibility of all, a portion, or none of each employer's contribution made to the Plan will depend upon facts and circumstances surrounding each such employer's participation in a Plan. Thus, while we believe that our opinions are likely to be applicable to the majority of the employers that consider participating in the Plan, such opinions may not apply to every employer that actually participates or considers participating in the Plan. Therefore, we recommend that all employers and covered employees consult with their own tax advisors with respect to obtaining appropriate advice relating to federal, state and local income, estate and gift tax planning with respect to the benefits under the Plan."

Plaintiff claims that in 2001, he "retained the services of defendant, Bryan Cave to represent me before the Internal Reve-

nue Service" particularly with respect to "IRS Form 5307." However, the "Power of Attorney" that plaintiff claims appointed Bryan Cave as his attorney is unsigned and undated. In April 2002, the IRS advised Bryan Cave that the form of the Pendulum Plan was acceptable for tax purposes.

Plaintiff claims that all defendants (except Bankers) gave the Pendulum Plan an air of credibility when they informed plaintiff that the reputable law firm Bryan Cave would represent plaintiff in connection with the design and drafting of his own Plan and would aid in the submission of his Plan to the IRS for approval.

On or about May 29, 2002, plaintiff signed a "Disclosure and Acknowledgment" in connection with his adoption of the Plan. He acknowledged his responsibility to seek the advice of his own tax or legal advisor regarding the application of the Tax Laws to the transaction and disclaimed reliance on any tax information received from ECI or its employees, agents or representatives in adopting the Plan.

On December 26, 2002, plaintiff adopted the Plan and became its administrator. The Plan was effective as of October 1, 2001 and involved the purchase of life insurance policies from defendant Bankers.

Unfortunately, the operation of plaintiff's specific plan was not acceptable to the IRS because it utilized excessive amounts of whole life insurance. Plaintiff claims that defendants knew their representation that 100% of contributions to the Plan would be deductible was false, because they knew or should have known that 100% funding of the Plan with life insurance would disqualify the Plan for tax purposes and result in the loss of deductions and the imposition of excise taxes. Plaintiff also claims that defendants' action caused him to incur fees to defend an IRS audit.

III. The Motion Court Ruling

The motion court dismissed the contract cause of action as against all defendants because none had an obligation to guarantee that the premiums would be deductible. The court also dismissed the fraudulent concealment claims against Bryan Cave and Repetti because the allegations that they knew or should have known of the 2004 IRS revenue ruling, but concealed it, sounded in malpractice rather than fraud. The court also dismissed the "professional negligence" claims. As against Bryan Cave and Repetti, the court dismissed this claim as

duplicative of the malpractice claims and untimely under the three-year statute of limitations (CPLR 214 [6]) because the claim accrued when plaintiff adopted the Plan on December 26, 2002.

With respect to the legal malpractice claim against Bryan Cave and Smith, the court noted that plaintiff did not allege that he had consulted with the attorneys prior to retaining them in 2004, and that the 2001 or 2002 power of attorney was for a limited purpose and therefore, did not, standing alone, support an attorney-client relationship. The court found that the 1999 opinion letter, addressed to Hartstein and for the sole benefit of ECI, did not make Bryan Cave plaintiff's attorneys.

Nevertheless, the court denied dismissal of the legal malpractice claim. The court found it unclear whether "[p]laintiff's statement that he 'retained' the services of Bryan Cave in 2001 . . . is merely a conclusory statement or whether [p]laintiff paid a fee for his legal representation" (2008 NY Slip Op 30469[U], *21). Then, the court reasoned that, if plaintiff could prove an attorney-client relationship existed with Bryan Cave as of 2002, the allegation that the firm failed to advise him concerning the propriety of the funding of his pension plan was sufficient to state a malpractice claim.

The court also denied appellants' motion to dismiss the General Business Law §§ 349 and 350 claims because plaintiff alleged defendants all played a part in the marketing and selling of the Pendulum Plan.

The court found that the brochures and other printed materials showed a marketing campaign designed to sell the pension plans not only to plaintiff but also to others, so the conduct was sufficiently "consumer-oriented" to fall within General Business Law §§ 349 and 350.

The court ruled that the claims were not time-barred under the three-year statute of limitations (CPLR 214 [2]), because the claims accrued in March 2007 when the IRS disallowed the deductions for premiums plaintiff paid.

Finally, the court denied dismissal of plaintiff's unjust enrichment claims against all defendants except for Indianapolis Life Insurance Company.

IV. This Appeal

Defendants appealed. Plaintiff initially cross-appealed but then abandoned that appeal, choosing instead to rely on the causes of action that remained.

Defendants Bryan Cave and Smith appeal to the extent the court denied their motion to dismiss the malpractice, General Business Law §§ 349 and 350 and unjust enrichment claims as untimely and for failure to state a cause of action.

Defendants Hartstein, ECI and Concepts (collectively Hartstein) appeal from the order to the extent that the court denied their motion to dismiss the General Business Law and unjust enrichment claims for failure to state a cause of action.

Defendants Repetti and Graf Repetti (collectively Repetti) appeal to the extent the court denied their motion to dismiss the General Business Law claims and the demand for punitive damages for failure to state a cause of action. As noted earlier, Repetti has abandoned that portion of its appeal challenging denial of Repetti's motion to dismiss plaintiff's claims for unjust enrichment as against it and accounting malpractice.

Defendants Bankers, Thornhill and TCPG (collectively Thornhill) appeal to the extent the court denied their motions to dismiss the General Business Law and unjust enrichment claims for failure to state a cause of action.

## Discussion

### I. The General Business Law Claims

■ The motion court should have dismissed plaintiff's claims for violations of General Business Law §§ 349 and 350. Article 22-A of the General Business Law provides consumer protection from deceptive acts and practices. General Business Law § 349 declares deceptive acts and practices unlawful and section 350 declares false advertising unlawful. "The standard for recovery under General Business Law § 350, while specific to false advertising, is otherwise identical to section 349" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 324 n 1 [2002]). The elements of a cause of action under these statutes are that: (1) the challenged transaction was "consumer-oriented"; (2) defendant engaged in deceptive or materially misleading acts or practices; and (3) plaintiff was injured by reason of defendant's deceptive or misleading conduct (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]). Thus, a plaintiff claiming the benefit of these statutes must allege conduct that is consumer oriented (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 321 [1995]).

This case involves professional services surrounding the design and implementation of a tax-driven, sophisticated, individual private pension plan costing millions of dollars. The par-

ties had various professionals in the form of accountants and lawyers representing them. Plaintiff describes himself, not as a member of the consuming public, but as a sophisticated entity, to wit: "a commodities trader on the New York Mercantile Exchange" who "operated [his] business as a sole proprietor." Therefore, this transaction was "not the 'modest' type of transaction the statute was primarily intended to reach" (*id.* [citation omitted]). Plaintiff also recognizes that "the target market of the 'Pendulum Plan' was for businesses, (such as mine) with a stable cash flow and minimal number of ancillary employees" rather than the consuming public in general.

Moreover, as plaintiff admits in his affidavit, it was not the form of the Pendulum Plan in general that ran afoul of IRS regulations, but rather the operation of plaintiff's particular plan that used life insurance as a tax shelter "in amounts that greatly exceeded both IRS imposed limits and the terms of the plan document prepared by Bryan Cave and approved by the IRS." As it was the operation of plaintiff's particular plan that caused the problems with the IRS, this is essentially a private dispute among the parties relating to advice that plaintiff received and his particular plan structure, rather than conduct affecting the consuming public at large (*id.*; *see also Flax v Lincoln Natl. Life Ins. Co.*, 54 AD3d 992, 995 [2008]).

II. Unjust Enrichment

■ The allegations do not support the claims for unjust enrichment against Bryan Cave and Smith and Hartstein. Whatever benefits they may have received were too attenuated from the conduct alleged and from their relationships with plaintiff (*see Sperry v Crompton Corp.*, 8 NY3d 204, 216 [2007]). The claim is also not viable as against Bankers, and Thornhill as Bankers' agent, because the express terms of plaintiff's valid insurance contracts govern Bankers' obligations to plaintiff (*see Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 572 [2005]).

III. Legal Malpractice

■ The motion court should have dismissed the legal malpractice claims against Bryan Cave and Smith because no attorney-client relationship existed in 2002. The motion court was correct that the tax opinion letter was insufficient to support an attorney-client relationship, considering the letter stated it was for ECI solely and contained disclaimers cautioning readers to procure tax advice tailored to their specific plan. The motion court was also correct that the limited power of attorney was insufficient to show an attorney-client relationship as that

document could also have authorized nonattorneys to act on behalf of plaintiff. The limited power of attorney only authorized Bryan Cave to represent "Robert A. Dennenberg, a Sole Proprietorship Defined Benefit Pension Plan" before the IRS and only for "Form 5307," which was the application submitted to the IRS for it to determine whether to approve the Plan. Plaintiff does not contend that Bryan Cave was negligent in submitting the Form 5307.

However, the motion court improperly relied on plaintiff's entirely conclusory allegations that plaintiff retained the services of Bryan Cave in 2001 to support the legal malpractice claim. Plaintiff points to no communications with Bryan Cave for legal advice about implementation of the Plan. Plaintiff offers no objective facts or actions to show the existence of an attorney-client relationship or the parties' mutual agreement that Bryan Cave would perform ongoing legal services for plaintiff.

In a last-ditch attempt to hold Bryan Cave responsible, plaintiff claims Bryan Cave was negligent in defending him during his 2004 audit before the IRS, until October 25, 2005 when plaintiff retained new counsel. However, plaintiff points to no damage relating to Bryan Cave's alleged negligence during the audit period (see *Dweck v Oppenheimer & Co., Inc.*, 30 AD3d 163 [2006]). Rather, according to plaintiff's allegations, all of plaintiff's injury stems from the implementation of the Plan, not from any actions the attorneys took during the audit period. Accordingly, the court should have dismissed the cause of action for legal malpractice.

IV. Punitive Damages

The motion court should have stricken plaintiff's demand for punitive damages. The complaint lacks the requisite allegations of egregious conduct or moral turpitude necessary to support punitive damages (see *New York Univ. v Continental Ins. Co.*, 87 NY2d at 316; *Bothmer v Schooler, Weinstein, Minsky & Lester*, 266 AD2d 154 [1999]).

Accordingly, the order of Supreme Court, New York County (Walter B. Tolub, J.), entered February 21, 2008, which, to the extent appealed from, as limited by the briefs, denied the motion of the Bryan Cave defendants to dismiss the legal malpractice cause of action, denied the motions of appellants to dismiss the General Business Law §§ 349 and 350 causes of action, and denied the motions of the Bryan Cave defendants, the Hartstein defendants, Bankers Life and the Thornhill defendants to

dismiss the unjust enrichment causes of action, should be reversed, on the law, and the motions to dismiss granted. The Clerk is directed to enter judgment dismissing the complaint as against the Bryan Cave defendants, the Hartstein defendants, Bankers Life and the Thornhill defendants. Plaintiff's appeal from the above order should be dismissed, without costs, as abandoned.

GONZALEZ, P.J., FRIEDMAN, RENWICK and FREEDMAN, JJ., concur.

Order, Supreme Court, New York County, entered February 21, 2008, reversed, on the law, without costs, the motions to dismiss granted to the extent appealed from, as limited by the briefs. The Clerk is directed to enter judgment dismissing the complaint as against the Bryan Cave defendants, the Hartstein defendants, Bankers Life and the Thornhill defendants. Plaintiff's appeal from the above order dismissed, without costs, as abandoned.