■ ROBERT A. DENENBERG, Individually and as Administrator of ROBERT A. DENENBERG, a Sole Proprietorship Defined Benefit Pension Plan, Respondent, v WARREN ROSEN et al., Appellants, JOHN REPETTI et al., Respondents-Appellants, and BANKERS LIFE OF NEW YORK, Also Known as BANKERS LIFE INSURANCE COMPANY OF NEW YORK, et al., Respondents. (And Other Actions.) [941 NYS2d 38]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered March 1, 2011, which, to the extent appealed from, denied the motion of defendants Warren Rosen and Warren Rosen & Co. (Rosen) for summary judgment dismissing plaintiff's unjust enrichment claim as against them and the cross claims of defendants John Repetti and Graf Repetti & Co., LLP (Repetti) for contribution and indemnification as against them, denied the cross motion of Repetti to dismiss plaintiff's cause of action for unjust enrichment as against them, and granted the motions of defendants Bankers Life of New York (Bankers), Kenneth R. Hartstein, ECI Pension Services, LLC, Economic Concepts, Inc. (collectively Hartstein), and Richard C. Smith and Bryan Cave, LLP (collectively Bryan Cave) to dismiss Repetti's cross claims for contribution and indemnification as against them, unanimously affirmed, with costs.

In this action alleging that defendants induced plaintiff to establish a pension plan that guaranteed tax benefits that were later disallowed, the motion court properly determined that plaintiff's unjust enrichment claims as against Rosen, an insur-

ance broker, and Repetti, an accountant, were viable. Plaintiff sufficiently alleges that these defendants were enriched, at plaintiff's expense, by receiving financial incentives in return for their marketing and promotion of the tax shelter scheme (*see generally Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]; *see also Georgia Malone & Co., Inc. v Rieder*, 86 AD3d 406, 408-409 [2011]).

The motion court properly dismissed Repetti's cross claims for contribution and common-law indemnification against Bankers, the provider of the insurance policies, Hartstein, who administered the pension plan, and Bryan Cave, his attorneys. It has been determined in this litigation and in the prior appeal (*see Denenberg v Rosen*, 71 AD3d 187 [2010], *lv dismissed* 14 NY3d 910 [2010]) that, as relevant to plaintiff's claims, these defendants did not give plaintiff professional advice, did not have a fiduciary or confidential relationship with him upon which a duty of care could be imposed and cannot be held liable to plaintiff or Repetti based upon their opinion letters or promotional materials (*see Seldin v Smith*, 76 AD3d 623 [2010]). Moreover, notwithstanding the policy liberally favoring the granting of permission to amend pleadings, Repetti has not shown that amendment of the cross claims was warranted.

The court also properly determined that Rosen owed plaintiff a duty to disclose information that was relevant to affairs entrusted to them. Accordingly, they were not entitled to dismissal of Repetti's cross claims against them. Concur—Tom, J.P., Saxe, Acosta, DeGrasse and Román, JJ.