DWIGHT LITTLEJOHN, Respondent, v DOMINOS PIZZA LLC, Respondent, and NAYCI FAMILY PROPERTIES, LLC, Appellant. [14 NYS3d 13]—

Order, Supreme Court, New York County (Joan M. Kenney,

J.), entered February 18, 2014, which granted defendant Dominos Pizza LLC's motion for summary judgment on its cross claim against defendant Nayci Family Properties, LLC for breach of contract for failure to procure insurance, unanimously reversed, on the law, without costs, and the motion denied. Order, same court and Justice, entered February 20, 2014, which denied Nayci Family Properties, LLC's motion for summary judgment dismissing the complaint and cross claims against it and on its cross claims against Dominos Pizza LLC, unanimously affirmed, without costs.

The lease under which defendant tenant Dominos Pizza LLC leased the ground floor of a building owned by defendant landlord Nayci Family Properties, LLC, as well as the testimony of defendant landlord's owner, established that the cellar was not part of the leased premises. As such, defendant landlord was responsible under the lease for maintaining the cellar doors in the adjoining sidewalk, over which plaintiff alleges he tripped. Accordingly, Supreme Court correctly denied landlord's motion for summary judgment.

However Supreme Court erred in granting defendant tenant's motion for summary judgment on its purported cross claim against defendant landlord for breach of contract for failure to procure insurance. Defendant tenant pleaded a single cross claim which alleged that, if plaintiff sustained such injuries as he alleged, they arose from defendant landlord's "carelessness, recklessness, acts, omissions, negligence and breaches of . . . contract," for which defendant landlord is required to indemnify defendant tenant. In other words, the cross claim only sought indemnification from defendant landlord for damages sustained by *plaintiff* as a result of, inter alia, landlord's breach of contract. Because plaintiff sustained no damages as a result of defendant landlord's failure to procure insurance, the cross claim cannot be read as asserting a claim for breach of contract for failure to procure insurance. Thus, because defendant tenant never asserted such a claim, its motion for summary judgment should have been denied (*A & J Produce Corp. v De Palo Indus.*, 215 AD2d 317, 318 [1st Dept 1995]).

We further note that while the lease required defendant tenant to procure $1,000,000 in insurance coverage for its own negligence, the primary insurance policy procured by defendant tenant had a deductible equal to this coverage limit, rendering such coverage illusory. Given that defendant landlord was responsible for maintaining the cellar doors and defendant tenant did not assert a cross claim for breach of contract for

failure to procure insurance, tenant's failure to procure such insurance is irrelevant for purposes of this appeal.

We have considered defendant landlord's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Saxe, Richter and Manzanet-Daniels, JJ.