JONATHAN S. AARON et al., Appellants, v DELOITTE TAX LLP, Respondent. [50 NYS3d 279]—

Appeal from order, Supreme Court, New York County (Eileen Bransten, J.), entered August 22, 2016, deemed an appeal from

judgment (CPLR 5520 [c]), same court and Justice, entered September 26, 2016, to the extent appealed from as limited by the briefs, dismissing plaintiffs' malpractice claim, and so considered, said judgment unanimously affirmed, without costs.

The engagement letter, which stated that it covered a period of seven months, provided that any action brought relating to the engagement must be commenced within one year of the accrual of the cause of action. The accrual of plaintiffs' accounting malpractice claim was on January 21, 2009, the date decedent signed the last document that was part of the estate tax plan formulated by defendant (*see Ackerman v Price Waterhouse*, 84 NY2d 535, 541 [1994]; *Williamson v PricewaterhouseCoopers LLP*, 9 NY3d 1, 7-8 [2007]). This action was not commenced until September 2015, and is untimely.

Plaintiffs may not avail themselves of the continuous representation tolling doctrine because the limitations period was contractual, not statutory, and was reasonable. The engagement letter indicated that decedent, a sophisticated and experienced businessman, and defendant, did not necessarily expect the representation to continue after the plan was in place, since the engagement expressly ended approximately seven months after the agreement was signed (*see Executive Plaza, LLC v Peerless Ins. Co.*, 22 NY3d 511, 518 [2014]).

Equitable estoppel is equally inapplicable because the engagement letter made clear that any estate tax plan defendant formulated was subject to challenge by taxing authorities. Moreover, the complaint alleged that in April 2009, within the limitations period, defendant advised plaintiffs that the estate plan would likely be closely scrutinized by the IRS (*see Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 553 [2006]). Concur—Acosta, J.P., Richter, Andrias, Kahn and Gesmer, JJ.

Motion to take judicial notice denied. **[Prior Case History: 2016 NY Slip Op 31604(U).]**