Matter of Wilkins (2018 NY Slip Op 02703)





Matter of Wilkins


2018 NY Slip Op 02703


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

525442

[*1]In the Matter of the Estate of ROBERT J. WILKINS, Deceased. ELIZABETH A. WILKINS, as Executor of the Estate of ROBERT J. WILKINS, Deceased, Appellant; BRUCE R. WIEDERSPIEL et al., Respondents, et al., Respondent.

Calendar Date: February 20, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


John J. Darwak, Shokan, for appellant.
DuCharme, Clark & Sovern, LLP, Clifton Park (John B. DuCharme of counsel), for Bruce R. Wiederspiel and others, respondents.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from that part of an order of the Surrogate's Court of Ulster County (Work, S.), entered December 6, 2016, which, in a proceeding pursuant to SCPA 2103, granted a motion by respondents Bruce R. Wiederspiel, Belinda Degnan and Tina Roberto to dismiss the claims for a portion of life insurance proceeds and counsel fees.

In 2005, Robert J. Wilkins (hereinafter decedent) and his corporation borrowed $300,000 from his friend, respondent Bruce R. Wiederspiel, secured by a note and mortgage on real property and decedent's personal guarantee. Pertinent here, the mortgage required decedent to maintain and assign to Wiederspiel a life insurance policy to further secure the loan. At that time, decedent had a $500,000 life insurance policy naming his daughters, respondents Belinda Degnan and Tina Roberto, as equal beneficiaries. In an attempt to comply with the mortgage, decedent executed a change in beneficiary designation, listing Wiederspiel as the beneficiary for $300,000, with the balance equally divided between Degnan and Roberto. The insurance company rejected the designation as "unrecordable" and, when decedent passed away on [*2]November 1, 2010, Degnan and Roberto remained the only beneficiaries under the policy [FN1]. Nonetheless, the two agreed to release a portion of the insurance funds to Wiederspiel to pay the loan. In doing so, the parties dispute whether Wiederspiel received an overpayment of approximately $84,000, that is the full $300,000 or the balance due of approximately $216,000.
Petitioner is decedent's surviving spouse, executor and sole beneficiary of his estate and stepmother to Degnan and Roberto. A dispute arose between petitioner and Wiederspiel, in which Wiederspiel demanded reimbursement of some $3,400 in counsel fees that he had incurred in addressing the insurance issue before he would provide a satisfaction of mortgage. Petitioner commenced this proceeding in 2015 seeking an order discharging the mortgage and requiring Wiederspiel to return any overpayment of the insurance proceeds to the estate. Wiederspiel, Degnan and Roberto moved to dismiss the petition based on unrefuted correspondence from the insurance company establishing that Degnan and Roberto remained the sole beneficiaries of the life insurance policy at all relevant times. Petitioner, in turn, cross-moved for summary judgment under CPLR 3211 (c). Surrogate's Court directed Wiederspiel to deliver a satisfaction of mortgage to petitioner and granted so much of the motion as dismissed petitioner's insurance proceeds claim. The court denied the parties' respective claims for counsel fees. Petitioner now appeals.[FN2]
We affirm. There is a discrepancy in this record as to the amount of insurance proceeds paid to Wiederspiel. The correspondence from the insurance company states that Wiederspiel was paid $300,000 plus interest on January 24, 2011. Wiederspiel contends that he only received the balance due as of March 1, 2011, approximately $216,000. Both Degnan and Roberto provided supporting affidavits that Wiederspiel was only paid the balance due as of March 1, 2011 and did not retain $300,000, as petitioner alleges [FN3]. Even accepting this discrepancy, the determinative point is that Degnan and Roberto were the sole beneficiaries under the policy, which passed to them outside the estate. As such, petitioner has no claim to the insurance proceeds, overpayment or not (see Dweck v Oppenheimer & Co., Inc., 30 AD3d 163, 163 [2006]; Orville v Newski, Inc., 155 AD2d 799, 800 [1989], appeal dismissed 75 NY2d 946 [1990]; see also Littlejohn v Dominos Pizza LLC, 130 AD3d 500, 501 [2015]). Moreover, decedent breached the mortgage by not duly assigning the life insurance policy to Wiederspiel, and thus his estate cannot maintain a breach of contract action based on the same mortgage provision (see Kain Dev., LLC v Krause Props., LLC, 130 AD3d 1229, 1233 [2015]). It follows that Surrogate's Court properly dismissed petitioner's breach of contract and unjust enrichment claims, as well as petitioner's claim for counsel fees. We further reject Wiederspiel's claim for counsel fees. Given the unique circumstances of this dispute, we cannot characterize this appeal as frivolous (see 22 NYCRR 130-1.1).
Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The record indicates that decedent also sent in a second beneficiary change that the insurance company reviewed and rejected as "unrecordable."

Footnote 2: The parties acknowledge that Wiederspiel provided the satisfaction of mortgage.

Footnote 3: The record does not include an affidavit from Wiederspiel.