APR Energy Holdings Ltd. v Deloitte Tax LLP (2022 NY Slip Op 05496)

APR Energy Holdings Ltd. v Deloitte Tax LLP

2022 NY Slip Op 05496

Decided on October 04, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 04, 2022

Before: Gische, J.P., Friedman, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 653036/19 Appeal No. 16326-16326A Case No. 2021-02046, 2022-00289 

[*1]APR Energy Holdings Ltd. et al., Plaintiffs-Appellants,
v
Deloitte Tax LLP et al., Defendants-Respondents.

Buchanan Ingersoll & Rooney PC, New York (Stuart Slotnick of counsel), and Buchanan Ingersoll & Rooney PC, Tampa, FL (Chance Lyman of the bar of the State of Florida, admitted pro hac vice, of counsel), for appellants.
Foley Hoag, LLP, New York (Lisa C. Wood of counsel), for Deloitte Tax LLP, respondent.
Hogan Lovells US LLP, New York (George A. Salter of counsel), for Deloitte Asesores Tributarios, S.L.U., respondent.

Order, Supreme Court, New York County (Melissa Anne Crane, J.), entered April 21, 2021, which, insofar appealed from as limited by the briefs, granted defendant Deloitte Tax LLP's motion to dismiss the first, fourth, seventh, and eighth causes of action in the original complaint with prejudice and defendant Deloitte Asesores Tributarios, S.L.U. (Deloitte Spain)'s motion to dismiss the first, second, and fourth causes of action in the original complaint with prejudice, unanimously affirmed, with costs. Order, same court and Justice, entered November 16, 2021, which granted Deloitte Tax's motion to dismiss the amended complaint and, in effect, denied plaintiffs motion for leave to amend the complaint as against Deloitte Spain, unanimously affirmed, with costs.
In January 2012 and February-April 2013, Deloitte Tax entered into engagement letters with plaintiff APR Energy Holdings Ltd. (Holdings) for those calendar years. Each engagement letter, which is governed by New York law, says, "No action, regardless of form, relating to this engagement letter . . . or the Services may be brought . . . more than one year after the cause of action has accrued." Each letter also states, "no affiliated or related entity of Deloitte Tax . . . shall have any liability hereunder to the Client [i.e., Holdings and its subsidiaries and/or affiliates] . . ., and the Client will not bring any action against any such affiliated or related entity . . . Without limiting the foregoing, affiliated and related entities of Deloitte Tax are intended third-party beneficiaries of these terms." Finally, each letter provides, "Any action based on or arising out of this engagement . . . or the Services . . . shall be brought exclusively in" a court in New York County.
In May 2013, Deloitte Tax and Deloitte Spain entered into an Inter-firm Work Referral, whereby Deloitte Spain acted as a subcontractor under Deloitte Tax's engagement letter. Although Deloitte Spain is an affiliated or related entity of Deloitte Tax, the two companies do not share ownership, management, or profits.
Plaintiffs commenced this action on May 21, 2019, and the claims pled relate to the advice given pursuant to the 2012-2013 engagement letters.
Even assuming that the court has personal jurisdiction over Deloitte Spain, plaintiffs' claims are time-barred or otherwise insufficient; hence, the dismissal of the original complaint as against both defendants, the dismissal of the amended complaint as against Deloitte Tax, and the denial of plaintiffs' motion to amend the complaint as against Deloitte Spain were all proper.
In general, "[a]n action for professional malpractice must be commenced within three years of the date of accrual (see CPLR 214[6])" (Williamson v Pricewaterhouse Coopers LLP, 9 NY3d 1, 7 [2007]). However, in this case, the engagement letters shortened the limitations period of all claims to one year. "A claim accrues when the malpractice is committed, not when the client discovers it" (Williamson[*2], 9 NY3d at 7-8).
Plaintiffs allege that they implemented defendants' advice in 2013 and 2014. Thus, defendants committed the alleged malpractice by the end of 2014 at the latest. Accordingly, plaintiffs' deadline to file a malpractice claim — absent equitable estoppel or continuous representation — was the end of 2015. Plaintiffs, however, did not sue until 2019, and neither the equitable estoppel doctrine nor the continuous representation doctrine applies to their malpractice claims.
Equitable estoppel is an "extraordinary remedy" (MBI Intl. Holdings Inc. v Barclays Bank PLC, 151 AD3d 108, 117 [1st Dept 2017] [internal quotation marks omitted], lv denied 29 NY3d 919 [2017]). "It is . . . fundamental to the application of [this doctrine] for plaintiffs to establish that . . . specific actions by defendants somehow kept them from timely bringing suit" (Zumpano v Quinn, 6 NY3d 666, 674 [2006]). The original complaint contains no allegations that would support the application of equitable estoppel. The amended complaint alleges, at most, "Defendants remained on the engagement to . . . cover up and fraudulently conceal their malfeasance." However, "[a] wrongdoer is not legally obliged to . . . alert people who may have claims against it, to get the benefit of a statute of limitations" (Zumpano, 6 NY3d at 675; see also Corsello v Verizon N.Y., Inc., 18 NY3d 777, 789 [2012] ["in cases where the alleged concealment consisted of nothing but defendants' failure to disclose the wrongs they had committed, we have held that the defendants were not estopped from pleading a statute of limitations defense"]).
As for continuous representation, "Plaintiffs may not avail themselves of th[is] . . .tolling doctrine because the limitations period was contractual, not statutory, and was reasonable" (Aaron v Deloitte Tax LLP, 149 AD3d 580, 581 [1st Dept 2017], lv dismissed 29 NY3d 1114 [2017]).
Plaintiffs' fraud allegations that "essentially state a malpractice claim cannot serve to circumvent the shorter statute of limitations for . . . malpractice" (New Canaan Capital Mgt., LLC v Chadbourne & Parke LLP, 194 AD3d 424, 425 [1st Dept 2021] [internal quotation marks omitted]). Moreover, "[t]he fraud allegations in the complaint are duplicative of plaintiff's untimely malpractice claims" (Brean Murray, Carret & Co. v Morrison & Foerster LLP, 165 AD3d 582, 583 [1st Dept 2018]). Plaintiffs' remaining claims are likewise barred by the contractual statute of limitations.
Plaintiffs' claim against Deloitte Tax for violation of General Business Law § 349 is insufficient on an additional ground. GBL § 349 "is directed at wrongs against the consuming public . . . Thus, as a threshold matter, plaintiffs claiming the benefit of section 349 . . . must charge conduct of the defendant that is consumer-oriented" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 24-25 [1995]; see also Denenberg v Rosen, 71 AD3d 187, 194 [1st Dept 2010], lv dismissed [*3]14 NY3d 910 [2010]). Deloitte Tax's advice to plaintiffs about reducing Uruguay withholding taxes by using companies in Spain, Germany, and Uruguay was not consumer-oriented; "this . . . was not the modest type of transaction the statute was primarily intended to reach" (id. at 195 [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 4, 2022