■ DIME SAVINGS BANK OF NEW YORK, Formerly Known as DIME SAVINGS BANK OF BROOKLYN, Respondent, v GLORIA M. NORRIS, Appellant.— In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Suffolk County, dated November 28, 1979, which denied her motion to vacate a default judgment of foreclosure and sale. Order affirmed, without costs or disbursements. This action to foreclose a mortgage on certain real property owned by the defendant was commenced by personal delivery of the summons and complaint to her husband at their residence and by subsequent mailing of copies of the same to defendant at that residence in accordance with the provisions of CPLR 308 (subd 2). Defendant defaulted in the action and thereupon a judgment of foreclosure and sale was entered against her on April 10, 1979. The sale was held on May 25, 1979 but delivery of the deed to the purchaser has been stayed. On June 11, 1979 defendant moved by order to show cause to vacate the default judgment claiming that at the time process was served and for some time thereafter her husband was suffering from a temporary mental depression which caused him to fail to deliver the summons and complaint and to hide all correspondence which would have served to notify her that a default in mortgage payments had occurred thereby threatening her sole ownership of the property with foreclosure. After a hearing Special Term denied the motion. Personal service of the summons and complaint was properly effected by the delivery and mail provisions of CPLR 308 (subd 2) since it is apparent that the alleged mental depression suffered by defendant's husband was not so severe as to deprive him of the status of "a person of suitable age and discretion" upon whom process could be served. Since personal service upon defendant was made by a method other than by in-hand delivery of a copy of the summons to defendant or her agent for service, defendant could properly apply for relief from the default judgment pursuant to CPLR 317. However, defendant is not entitled to the relief sought under either CPLR 317 or CPLR 5015 (subd [a], par 1). She has failed to establish the existence of a meritorious defense to foreclosure. At the hearing, defendant admitted that although her husband kept the family accounts, she signed all checks. Defendant admitted that she knew that mortgage payments had not been made to the bank. This default has extended from April 1, 1978 until the present. Furthermore, although

defendant claimed that she was unaware of the commencement of the foreclosure suit, she testified that she had assumed that some action was being taken by the bank as the result of her default in mortgage payments. Her offer in her papers to pay the full amount due is insufficient to give rise to the defense of tender because (1) no actual attempt to tender the sum due has been made and (2) in any event, only a tender made before the foreclosure sale is effective to extinguish the lien of the mortgage and a tender made thereafter cannot affect the rights of purchasers (*Trimm v Marsh,* 54 NY 599, 605; *Kortright v Cady,* 21 NY 343; *Werner v Tuch,* 127 NY 217, 222). Damiani, J. P., Gibbons, Rabin and Margett, JJ., concur.