■ IRVING LITWAK et al., Appellants, v GILBERT WOLKENBERG et al., Respondents.—In an action, *inter alia,* to compel the defendants to accept the tender of full payment of a loan made to the plaintiffs by the defendants, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Burstein, J.), dated March 20, 1986, which granted the defendants' motion for reargument of the plaintiffs' motion for summary judgment, which had been granted to the extent of directing the defendants to accept the tender of the principal balance of the loan less certain credits, plus interest to the date of the original tender, to wit, February 10, 1985, and, upon reargu-

ment, modified the prior determination by directing that the plaintiffs pay the defendants interest upon the principal balance through the date of retender.

Ordered that the order is modified, on the law, by striking the provision thereof which modified the original determination by directing that the plaintiffs pay the defendants interest to the date of retender, and substituting therefor a provision adhering to the original determination. As so modified, the order is affirmed, with costs.

The parties entered into an agreement whereby the defendants loaned the plaintiffs the sum of $125,000. As security for the loan, the plaintiffs executed a note which provided, in pertinent part, that the principal balance of the loan plus interest would be due and payable on December 10, 1984. They simultaneously executed a "collateral bond", whereby the plaintiffs assigned to the defendants their rights under a mortgage held by them, as security for the loan, which assignment was to "remain in full force and effect and in no wise be impaired until the actual payment of said sum of $125,000.00 with interest".

Upon the arrival of December 10, 1984, the principal balance due date, the plaintiffs sought an extension of the loan agreement, and after a course of negotiations proved fruitless, the defendants demanded full payment of the loan on January 30, 1985.

On February 10, 1985, the plaintiffs tendered two bank checks to the defendants in amounts representing the principal balance and interest through the date of tender. The defendants rejected the tender and have admitted this refusal in their answer to the summons and complaint. Based upon this admission, the plaintiffs moved for summary judgment, which was granted upon the defendants' consent, the plaintiffs being directed to retender the principal balance, plus, *inter alia,* interest to the original date of tender, to wit, February 10, 1985.

The defendants' motion for reargument was granted, and the court modified the order dated November 26, 1985, by directing the plaintiffs to pay interest through the date of retender, or actual payment.

It is well settled that the tender of payment of a debt capable of computation may be made after default at any time prior to the commencement of an action thereon *(see, Dime Sav. Bank v Norris,* 78 AD2d 691), and that the unwarranted refusal of the tender operates to terminate all incidents of the

obligation, such as interest *(see, Kortright v Cady,* 21 NY2d 343; *National Bank v Erion-Haines Realty Co.,* 213 App Div 54).

The defendants, having provided no basis for their refusal of the accurately computed tender, are thus not entitled to recover interest upon the principal from the plaintiffs for the period subsequent to the initial tender. Mangano, J. P., Eiber, Kunzeman and Harwood, JJ., concur.