■ COSMOS FORMS, LTD., Appellant, v HAROLD FURST et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered December 31, 1990, which, *inter alia*, denied plaintiff's motion for a preliminary injunction and, *sua sponte*, transferred this action to the Supreme Court, Kings County, IAS Part 23 (Gabriel Krausman, J.), unanimously affirmed, without costs.

Defendants, Furst, were employees of the plaintiff, which is in the business of producing computer and business forms. Plaintiff and related parties, brought an action in Kings County against the Fursts and related parties, pleading ten causes of action arising out of a transaction in which defendant Harold Furst purchased, and later sold, an interest in the plaintiff corporation. Four of the ten claims pleaded in the Kings County action have been dismissed as against the Fursts to the extent that they pleaded fraud. The plaintiff corporation brings the instant action against the defendants Fursts, accusing them of breaking into its premises and stealing trade secrets.

The IAS Court properly denied the plaintiff's motion for a preliminary injunction, as the plaintiff failed to show a likelihood of success on the merits *(cf., Props for Today v Kaplan,* 163 AD2d 177, 178). Plaintiff's application is supported only by the conclusory allegations of its president, and the only specific evidence in the record is that submitted by the defendants which shows that the information at issue is either readily ascertainable without special knowledge *(see, Leo Silfen, Inc. v Cream,* 29 NY2d 387), or of no economic value to the defendants' new employer.

The instant action was properly transferred to Kings County, *sua sponte*, since there are two prior related actions already pending in Kings County. The above described civil action involves many of the same parties, as well as the same underlying employment relationship. A pending criminal action in Kings County involves the alleged theft from the plaintiff's premises. Accordingly, the interests of justice are served by the transfer. Concur—Murphy, P. J., Wallach, Asch, Kassal and Smith, JJ.