■ KRAMER, LEVIN, NESSEN, KAMIN & FRANKEL, Respondent, v INTERNATIONAL 800 TELECOM CORP., Appellant. BOWNE OF NEW YORK, INC., Respondent, v INTERNATIONAL 800 TELECOM CORP., Appellant. KRAMER, LEVIN, NESSEN, KAMIN & FRANKEL, Respondent, v INTERNATIONAL 800 TELECOM CORP., Appellant.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered July 23, 1991, which denied defendant's motion to vacate its default, and the judgment of the same court, entered March 6, 1992, awarding plaintiff $149,956.41 after an inquest as to damages, unanimously affirmed, with costs.

Order, Supreme Court, New York County (Harold Tompkins, J.), entered July 1, 1992, which granted plaintiffs' motions for a "temporary injunction" barring all further proceedings in the Rockland County Action pending a judicial determination as to whether the Rockland County Action should be transferred to New York County, and the order of the same court, entered July 10, 1992, which transferred the Rockland County Action to New York County and ordered that the Rockland County case be assigned to Justice Tompkins' calendar as a "related" case, unanimously affirmed, with costs.

Defendant's contention that it never received notice of the action instituted by plaintiff law firm Kramer, Levin and therefore the default judgment was improperly entered is without merit. Plaintiff followed the prescribed procedures of Business Corporation Law § 306 by serving the Secretary of State with two copies of the summons and complaint. Under the circumstances, Kramer, Levin is not accountable for defendant's failure, for over three years, to comply with its obligation to notify the Secretary of State of its purported

address change *(see, Conte Cadillac v C.A.R.S. Purch. Serv.,* 126 AD2d 621, 622). Moreover, defendant did not even challenge its liability when it sought relief from the default judgment. Thus, the trial court properly set the matter down for an inquest to enable defendant to challenge plaintiff's proof of damages *(see, Rokina Opt. Co. v Camera King,* 63 NY2d 728). The record amply demonstrates that Kramer, Levin proved that its fees were fair, reasonable and fully known and understood by defendant, and thus was entitled to the amount of damages the IAS Court awarded it *(Jacobson v Sassower,* 66 NY2d 991, 993).

With regard to the appeal from the orders entered July 1, 1992 and July 10, 1992 there is no question that a court can transfer an action brought before it to another court in which a prior related action is pending between the same parties *(see, Cosmos Forms v Furst,* 172 AD2d 403). It is reasonable for the court most familiar with the prior pending case to make the determination as to whether the most recent case is related to the prior case *(cf., Matter of Morfesis v Wilk,* 138 AD2d 244, 246, *appeal dismissed* 72 NY2d 914). Without doubt, Justice Tompkins was more acquainted with the controversy than the Judge in Rockland County and therefore more qualified to make the determination as to whether the cases were related and thus whether the transfer was warranted. The absence of statutory authority is not a bar to this transfer. Concur—Murphy, P. J., Sullivan, Rosenberger and Kupferman, JJ.