■ BEILA ASSOCIATES, Respondent, v 27-29 WEST 181 STREET ASSOCIATES, INC., Appellant, et al., Defendants. [613 NYS2d 16] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered on or about February 8, 1994, which denied defendant-appellant's motion to vacate its default, unanimously affirmed, with costs.

The IAS Court correctly found that appellant had failed to demonstrate that it did not receive notice of the instant foreclosure action in time to defend. Its own bankruptcy petition, filed in July of 1993, over four months prior to the November order of reference, clearly indicates that it was aware of the foreclosure, and, indeed, somehow knew the index number two weeks after plaintiff had obtained it and approximately three weeks before the summons and complaint were served upon the Secretary of State on August 3, 1993. Moreover, appellant's conclusory assertions that it was improperly served and did not receive the papers were insufficient to rebut plaintiff's prima facie showing of proper service in its affidavit.

The IAS Court properly refused to dismiss the action pursuant to CPLR 306-b (a) for plaintiff's failure to timely file proof of service, the automatic stay that attended appellant's filing of a petition in bankruptcy having intervened during the 120-day period for filing the proof of service.

Even if the requirements of CPLR 317 and 5015 had been met, relief would not be automatic (*Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 143) and in exercising its discretion the IAS Court was entitled to consider the fact that defendant-appellant never maintained that it had paid the amount due on the mortgage when it sought to vacate its default (see, *Kramer, Levin, Nessen, Kamin & Frankel v Inter-*

*national 800 Telecom Corp.,* 190 AD2d 538, 539). Concur—Murphy, P. J., Carro, Rubin and Williams, JJ.