■ BENNY LAWRENCE, Appellant, v ESPLANADE GARDENS, INC., Respondent. [623 NYS2d 586] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered January 18, 1994, which granted defendant's motion to vacate its default, unanimously reversed, on the law, and the matter remanded for an inquest on the issue of damages, without costs.

The IAS Court's exercise of discretion in granting defendant's motion to vacate its default was improvident whether pursuant to CPLR 5015 or 317. The record indicates that the sole reason the defendant corporation failed to receive copies of process duly seived upon the Secretary of State was that it failed to comply with Business Corporation Law § 306, which requires corporations to keep a current address on file with the Secretary of State. Defendant had been in violation of this provision for some 14 years at the time this action was commenced.

Failure to comply with Business Corporation Law § 306 does not constitute a "reasonable excuse" for a corporation seeking to vacate its default pursuant to CPLR 5015 (a) (1) (Kramer, Levin, Nessen, Kamin & Frankel v International 800 Telecom Corp., 190 AD2d 538; Conte Cadillac v C.A.R.S. Purch. Serv., 126 AD2d 621, 622). As for CPLR 317, although it does not require a showing of reasonable excuse (supra, at 622, citing Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138) and the lack of a reasonable excuse for failure to comply with Business Corporation Law § 306 does not preclude vacatur thereunder (Stein v Matarasso & Co., 143 AD2d 825, 826), such relief is nevertheless unwarranted here, since defendant deliberately attempted to avoid notice of this action by failing to update its address for an additional 2½ years after it received actual notice of plaintiff's accident and of the identity of plaintiff's counsel (Conte Cadillac v C.A.R.S. Purch. Serv., supra).

In either case, defendant failed to set forth a meritorious defense, where its only such offer of proof was in a reply affirmation which stated for the first time, without supporting documentation, that there was a witness who would state that the plaintiff was intoxicated at the time he fell (Azzopardi v American Blower Corp., 192 AD2d 453; Ritt v Lenox Hill Hosp., 182 AD2d 560, 562 [noting that "the function of a reply affidavit is to address arguments made in opposition to the position taken by the movant and not to permit the movant to

introduce new arguments in support of the motion"]), and that reply affirmation was prepared by counsel, who had no personal knowledge of the facts (see, *Sotirakis v United Servs. Auto. Assn.,* 91 AD2d 1067 [a party may not rely upon the representations of an attorney who has no personal knowledge of the facts as a sufficient affidavit of merit in an attempt to demonstrate a meritorious defense]). Concur—Murphy, P. J., Rosenberger, Nardelli and Williams, JJ.