■ CLARA SANTIAGO, Appellant, v SANSUE REALTY CORP., Respondent. [663 NYS2d 235] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated August 28, 1996, which granted the defendant's motion to vacate a judgment of the same court entered February 28, 1996, entered upon the defendant's failure to appear and answer the complaint, in favor of the plaintiff in the principal sum of $34,000.

Ordered that the order is reversed, on the law, with costs, the defendant's motion to vacate the judgment entered February 28, 1996, is denied, and the judgment is reinstated.

The plaintiff commenced this negligence action to recover damages for personal injuries sustained when she fell outside a building owned by the defendant. Service of the summons and complaint was made on the Secretary of State pursuant to Business Corporation Law § 306. Upon the defendant's default in appearing and answering the complaint, the plaintiff obtained a default judgment against it. Thereafter, the defendant moved to vacate its default, claiming that it had not received notice of the summons and complaint because the address on file with the Secretary of State had not been its address for more than 25 years. Over the plaintiff's opposition, the court granted the defendant's motion and vacated the default. We reverse.

The defendant was not entitled to relief from the default judgment entered against it pursuant to CPLR 317. In opposition to the defendant's motion to vacate its default, the plaintiff established that at least five months before commencement of the instant action, the defendant was placed on notice that the address on file with the Secretary of State was not correct. Nevertheless, the defendant did not notify the Secretary of

State of its purported change of address. Under these circumstances, we infer that the defendant deliberately attempted to avoid notice of this action and, therefore, relief under CPLR 317 is unavailable (*see, Conte Cadillac v C.A.R.S. Purch. Serv.,* 126 AD2d 621, 622; *Lawrence v Esplanade Gardens,* 213 AD2d 216; *Kaplan v D'Agostino Supermarkets,* 210 AD2d 79; *Kramer, Levin, Nessen, Kamin & Frankel v International 800 Telecom Corp.,* 190 AD2d 538). Additionally, the defendant failed to allege sufficient facts in support of the motion to establish a meritorious defense (*see, Halali v Gabbay,* 223 AD2d 623; *Kramer, Levin, Nessen, Kamin & Frankel v International 800 Telecom Corp., supra*).

In addition, the defendant did not have a reasonable excuse for its default, which would warrant vacatur of the default judgment under CPLR 5015 (a). It is well settled that "a corporate defendant's failure to receive copies of process served upon the Secretary of State due to a breach of its obligation to keep a current address on file with the Secretary of State does not constitute a reasonable excuse for its delay in appearing and answering the complaint" (*Conte Cadillac v C.A.R.S. Purchas. Serv., supra,* at 622; *Lawrence v Esplanade Gardens, supra; Kaplan v D'Agostino Supermarkets, supra; Kramer, Levin, Nessen, Kamin & Frankel v International 800 Telecom Corp., supra*). Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.