(February 9, 1998)

■ Ameritek Construction Corp., Appellant, v Gas, Wash & Go, Inc., Respondent, et al., Defendant. [668 NYS2d 663] —In

an action to foreclose on a tax lien, the plaintiff appeals from an order of the Supreme Court, Westchester County (Fredman, J.), entered June 17, 1997, which granted the motion of the defendant Gas, Wash & Go, Inc., to vacate a judgment of foreclosure of the same court, entered February 26, 1997, upon its default in answering the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the judgment entered February 26, 1997, is reinstated.

The plaintiff purchased from the City of Yonkers an unpaid tax lien on property belonging to the defendant Gas, Wash & Go, Inc. (hereinafter the respondent). After receiving no response to its 30-day notice of redemption, the plaintiff commenced the instant action to foreclose on the tax lien. Service on the respondent was accomplished by serving the Secretary of State pursuant to Business Corporation Law § 306. A judgment of foreclosure and sale was entered February 26, 1997. The plaintiff served a "Notice of Sale" on the respondent at the address of the subject property on March 18, 1997. At the Referee's foreclosure sale held on April 4, 1997, the plaintiff was the successful bidder for the property. The respondent contends that it never received process, *inter alia*, because it had changed its business address some five years earlier without notifying the Secretary of State.

On May 2, 1997, the respondent moved to vacate the default judgment pursuant to CPLR 317, which provides that "[a] person served with a summons other than by personal delivery * * * who does not appear may be allowed to defend the action * * * upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense". In granting the motion, the Supreme Court concluded that the respondent had established that it had a meritorious defense. We now reverse.

The respondent is itself responsible for the alleged failure to receive notice, since by its own admission it neglected to inform the Secretary of State of its current address for some five years (*see, e.g., Kramer, Levin, Nessen, Kamin & Frankel v International 800 Telecom Corp.*, 190 AD2d 538; *see also, Lawrence v Esplanade Gardens*, 213 AD2d 216). Even if no showing of a "reasonable excuse" was required (*see, e.g., Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138, 141), the respondent failed to carry its threshold burden of establishing that it had a meritorious defense to the complaint, as it at no time attempted to tender the moneys due, notwithstanding its admission that it had learned at least by early January 1997 that the plaintiff

had acquired its unpaid tax lien from the City of Yonkers (*see, e.g., Fleet Fin. v Nielsen*, 234 AD2d 728; *Halali v Gabbay*, 223 AD2d 623; *Dime Sav. Bank v Norris*, 78 AD2d 691, 692). The respondent's right to redeem was therefore legally extinguished at the foreclosure sale of April 4, 1997, and its belated post-sale tender of the moneys due cannot affect the rights of the purchaser (*see*, RPAPL 1352; *see, e.g., Dime Sav. Bank v Norris, supra*, at 692).

The respondent's remaining contentions are without merit. Bracken, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.