■ PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant, v ITT HARTFORD GROUP, INC., et al., Respondents, et al., Defendants. [671 NYS2d 236] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about April 7, 1997, which, *inter alia*, granted defendants-respondents' motion for a change of venue from New York County to Erie County, unanimously affirmed, without costs.

Although plaintiff is correct that defendants, having failed to timely demand a change of venue as of right upon the ground that venue was improperly laid in New York County, must establish more than the action's initially improper venue to support a discretionary change thereof (*see, Pittman v Maher*, 202 AD2d 172, 175-176), we conclude that there was a sufficient basis for the discretionary grant of defendants' motion and agree with the IAS Court that the ends of justice (*see*, CPLR 510 [3]) will be promoted by transferring the action to Erie County. In this regard, we note most particularly that the underlying personal injury actions and the third-party actions to which this declaratory judgment action relates are pending in Erie County. The change of venue ordered by the IAS Court was clearly warranted in the interests of judicial economy and consistency (*see, Cosmos Forms v Furst*, 172 AD2d 403). We note as well that the convenience of the Erie County public of-

ficers who will likely be called as witnesses in the present action additionally weighs in favor of the IAS Court's decision to remove this action to Erie County (*see, Losicco v Gardner's Vil.*, 97 AD2d 535). Finally, plaintiff has failed to establish that it would be prejudiced by the change. Concur—Rosenberger, J. P., Nardelli, Wallach, Rubin and Mazzarelli, JJ.