■ METROPOLITAN STEEL INDUSTRIES, INC., Doing Business as STEELCO, Respondent, v ROSENSHEIN HUB DEVELOPMENT CORP., Appellant. [683 NYS2d 240] —Order, Supreme Court, New York County (Charles Ramos, J.), entered January 9, 1998, which, insofar as appealed from, granted plaintiff's motion for a default judgment to the extent of awarding judgment on the issue of liability and directing a hearing on the issue of damages and denied defendant's cross motion to vacate its default in appearing, unanimously affirmed, with costs.

A default judgment is warranted because of defendant's failure to show that it did not receive notice of the action in time to defend, as required by CPLR 317. Completely absent from defendant's opposition is any explanation as to how it came into receipt of the summons and complaint allegedly a month after its answer was due, and how the return receipt attached to the certified mailing that the Secretary of State made to defendant's old address pursuant to Business Corporation Law § 306 came to be signed, well within the period to answer, by someone named "B. Cervi". In the latter regard, defendant did not submit any proof, such as an affidavit on personal knowledge, that B. Cervi is not associated with it, but argues instead that the record is devoid of proof that B. Cervi is associated with it, an argument we reject as an unwarranted placement of the burden of proof. Nor is there merit to defendant's argument that its inadvertent failure to inform the Secretary of State of its change of address constitutes a reasonable excuse under CPLR 5015 (a) (1) (*Lawrence v Esplanade Gardens*, 213 AD2d 216). In any event, we agree with the IAS Court that, except for the matters it ruled relevant to the issue of damages, defendant also fails to show a meritorious defense, a showing required under both CPLR 317 and 5015 (a) (1) (*Peacock v Kalikow*, 239 AD2d 188, 189). Concur—Rosenberger, J. P., Williams, Mazzarelli and Saxe, JJ.