Order, Supreme Court, New York County (Harold Beeler, J.), entered July 2, 2003, which granted defendant insurer’s motion to dismiss the complaint for failure to give timely notice of the underlying action, unanimously affirmed, with costs.
*265 The record demonstrates that the summons and complaint in the underlying action were served on the Secretary of State, who forwarded a copy to the insureds at the same address where the notice of default in that action was admittedly received approximately one year later. Concededly, if received, this was the first notice of the accident to the insureds. Having failed to establish that the signature on the certified mail receipt pertaining to the Secretary of State’s mailing did not belong to one of their employees or a person authorized to accept on their behalf (see Metropolitan Steel Indus. v Rosenshein Hub Dev. Corp., 257 AD2d 422 [1999]), the insureds are unable to provide an excuse for their failure to comply with the policy’s notice provisions (see Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436, 440 [1972]; Travelers Ins. Co. v Volmar Constr. Co., 300 AD2d 40, 42-43 [2002]).
Unlike Matter of Brandon (Nationwide Mut. Ins. Co.) (97 NY2d 491 [2002]), this is not a case where the carrier had prior notice of the claim before the action was commenced.
We have considered plaintiffs’ other arguments and they are unavailing. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Lerner, JJ.