■ NYCTL 1997-1 TRUST et al., Respondents, v MOISES A. VILA, Appellant, et al., Defendants. 128 WOODBINE REALTY CORP., Intervenor-Respondent. [796 NYS2d 138]—

In an action to foreclose a tax lien, the defendant Moises A. Vila appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 27, 2003, which denied his motion to vacate a judgment of the same court dated May 30, 2001, entered upon his default in answering or appearing.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

A defendant seeking to vacate a default must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see Quis v Bolden,* 298 AD2d 375 [2002]; *see* CPLR 5015 [a] [1]; *Riverhead Sav. Bank v Garone,* 183 AD2d 760, 762 [1992]). Here, the Supreme Court properly denied the appellant's motion to vacate the judgment entered upon his default based on his failure to establish the existence of a meritorious defense to the foreclosure action. Only the tender of the full amount due made before the foreclosure sale would have been effective to extinguish the lien and prevent the sale (*see Dime Sav. Bank of N.Y. v Norris,* 78 AD2d 691, 692 [1980]). It is undisputed that the appellant failed to pay the balance of the tax lien by its due date. Accordingly, the plaintiffs had a right to foreclose on the lien (*see* Administrative Code of City of NY §§ 11-332, 11-335). The appellant's contention that the plaintiffs' acceptance of his partial payment established a meritorious defense is without merit, as he cannot claim to have been fraudulently induced into "doing what [he] already was legally bound to do" (*New York State Urban Dev. Corp. v Marcus Garvey Brownstone Houses,* 98 AD2d 767, 771 [1983]).

The remaining issues are not properly before this Court as they were either not determined by the order appealed from or are improperly advanced for the first time on appeal (*see Weber v Jacobs,* 289 AD2d 226, 227 [2001]; *Rotundo v S&C Magnetic Resonance Imaging P.C.,* 255 AD2d 573, 574 [1998]). Cozier, J.P., Luciano, Crane and Skelos, JJ., concur.