█ NYCTL 2005-A Trust et al., Respondents, v 2137-2153 Nostrand Avenue Associates, L.P., Respondent-Appellant, et al., Defendants. BHNWN Nostrand, LLC, Nonparty Appellant-Respondent. [895 NYS2d 104]—

In 2005, the defendant 2137-2153 Nostrand Avenue Associates, L.P. (hereinafter Nostrand), failed to pay certain utility bills for 2137 Nostrand Avenue (hereinafter the property), a commercial building in Brooklyn which it owned. The plaintiffs purchased a tax lien on the property, and obtained a judgment of foreclosure and sale in 2007, upon Nostrand's default. An auction was held in June 2008, and the nonparty BHNWN Nostrand, LLC (hereinafter BHNWN), placed the successful bid in the sum of $4,205,000.

In July 2008, before the deed could be delivered to BHNWN, Nostrand moved, inter alia, to vacate the judgment of foreclosure, set aside the foreclosure sale, and cancel the notice of pendency. Its representative averred that Nostrand never received notice at any stage of the proceedings because papers were mailed to incorrect addresses, and that it would have immediately paid the outstanding utility bills had it been aware of them. The Supreme Court determined that Nostrand failed to satisfy the statutory prerequisites for vacatur. Nevertheless, relying solely on its equitable powers, the Supreme Court granted the motion in the interest of justice.

On appeal, BHNWN contends that the Supreme Court erred in vacating the default judgment in the interest of justice. Additionally, Nostrand seeks to cross-appeal from the Supreme Court's determination that it failed to satisfy certain statutory requirements for vacatur. Although Nostrand's cross-appeal must be dismissed on the ground that it is not aggrieved by the order cross-appealed from, the contentions raised by Nostrand in support of vacatur under CPLR 317 and 5015 (a) (1) can be considered as alternative grounds for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]; *Lauer v Great S. Bay Seafood Co.*, 299 AD2d 325, 327 [2002]).

The Supreme Court improvidently exercised its discretion in vacating the default judgment on equitable grounds, as the equities do not favor Nostrand (*see Norwest Mtge., Inc. v Brown,* 35 AD3d 682, 684 [2006]; *Citibank, N.A. v Grant,* 21 AD3d 924, 925 [2005]; *see also Long Is. Sav. Bank of Centereach v Jean Valiquette, M.D., P.C.,* 183 AD2d 877, 877-878 [1992]).

The court providently exercised its discretion in declining to vacate the default judgment on statutory grounds. Nostrand lacked a reasonable excuse for its delay in appearing, as required for vacatur pursuant to CPLR 5015 (a) (1) (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Santiago v Sansue Realty Corp.,* 243 AD2d 622, 623 [1997]; *FGB Realty Advisors v Norm-Rick Realty Corp.,* 227 AD2d 439 [1996]; *Paul Conte Cadillac v C.A.R.S. Purch. Serv.,* 126 AD2d 621, 622 [1987]). Additionally, Nostrand lacked a meritorious defense to the foreclosure action, as required for vacatur under both CPLR 5015 (a) (1) and 317 (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d at 141; *Santiago v Sansue Realty Corp.,* 243 AD2d at 623).

BHNWN's remaining arguments are either without merit or improperly raised for the first time in its reply brief (*see Morgan v New York City Hous. Auth.,* 255 AD2d 565 [1998]). Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur.