In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Sweeney, J.), dated August 14, 2013, which denied his motion pursuant to CPLR 3215 for leave to enter a judgment on the issue of liability against the defendant, upon its failure to appear or answer the complaint, and granted the defendant’s cross motion for leave to serve and file a late answer.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the plaintiffs motion pursuant to CPLR 3215 for leave to enter judgment on the issue of liability against the defendant is granted, the defendant’s cross motion for leave to serve and file a late answer is denied, and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages.
In support of his motion for leave to enter a default judgment on the issue of liability, the plaintiff submitted proof of delivery of copies of the summons and complaint to the Secretary of State (see CPLR 311-a [a]; Limited Liability Company Law § 303 [a]). He also submitted proof of the facts constituting the claim, and of the defendant’s default in answering or appearing (see CPLR 3215 [f]; Wassertheil v Elburg, LLC, 94 AD3d 753 [2012]; C&H Import & Export, Inc. v MNA Global, Inc., 79 AD3d 784 [2010]; 599 Ralph Ave. Dev., LLC v 799 Sterling Inc., 34 AD3d 726 [2006]).
To successfully oppose a motion for leave to enter a default judgment based on the failure to appear or timely serve an *701 answer, a defendant must demonstrate a reasonable excuse for its default and the existence of a potentially meritorious defense (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Gray v B. R. Trucking Co., 59 NY2d 649, 650 [1983]; 393 Lefferts Partners, LLC v New York Ave. at Lefferts, LLC, 68 AD3d 976 [2009]). The defendant contended that it maintained an old address on file with the Secretary of State, and denied receipt of copies of the summons and complaint. However, the defendant’s unexplained failure to keep the Secretary of State apprised of its current address over a significant period of time did not constitute a reasonable excuse (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 143; Sussman v Jo-Sta Realty Corp., 99 AD3d 787, 788 [2012]; Castle v Avanti, Ltd., 86 AD3d 531 [2011]; Yellow Book of N.Y., Inc. v Weiss, 44 AD3d 755 [2007]; Ameritek Constr. Corp. v Gas, Wash & Go, 247 AD2d 418, 419 [1998]).
Furthermore, the defendant was not entitled to vacatur of its default pursuant to CPLR 317. The defendant failed to rebut the plaintiffs evidence that, for a period of more than five years, the defendant failed to file, with the Secretary of State, the required biennial form that would have apprised the Secretary of State of its current address (see Limited Liability Company Law § 301 [e]). Under these circumstances, the defendants’ failure to personally receive copies of the summons and complaint was a result of a deliberate attempt to avoid notice of actions commenced against it (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 143; Hidalgo v Cruiser Taxi Corp., 101 AD3d 950, 951 [2012]; Santiago v Sansue Realty Corp., 243 AD2d 622, 622-623 [1997]; Paul Conte Cadillac v C.A.R.S. Purch. Serv., 126 AD2d 621, 622 [1987]). Accordingly, the plaintiffs motion pursuant to CPLR 3215 (f) for leave to enter a default judgment on the issue of liability against the defendant should have been granted, and the defendant’s cross motion pursuant to CPLR 5015 (a) (1) and 317 to vacate its default in appearing or answering should have been denied.
Rivera, J.P, Dickerson, Cohen, Hinds-Radix and Maltese, JJ., concur.