# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1346**

**CA 14-00767**

PRESENT: CENTRA, J.P., FAHEY, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

IN THE MATTER OF ROBERT A. ANDERSON, JR.,
PATRICIA E. BETTIS, AS EXECUTOR OF THE ESTATE
OF RUSSELL F. BETTIS, DECEASED, DANIELLE D.
FAMA, SARA N. FORGIONE, MARIO RICOTTA, AND
DONNA M. GILREATH, AS EXECUTOR OF THE ESTATE
OF NINA M. SPACONE, DECEASED, ON BEHALF OF
THEMSELVES AND CERTAIN OTHER RETIRED EMPLOYEES
OF NIAGARA FALLS CITY SCHOOL DISTRICT, FORMERLY
IN THE CSEA BARGAINING UNIT,
PETITIONERS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

NIAGARA FALLS CITY SCHOOL DISTRICT, CYNTHIA A.
BIANCO, AS SUPERINTENDENT, AND NIAGARA FALLS
CITY SCHOOL DISTRICT BOARD OF EDUCATION,
RESPONDENTS-APPELLANTS.

ROSCETTI & DECASTRO, P.C., NIAGARA FALLS (JAMES C. ROSCETTI OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

STEVEN A. CRAIN AND DAREN J. RYLEWICZ, CIVIL SERVICE EMPLOYEES
ASSOCIATION, INC., ALBANY (PAUL S. BAMBERGER OF COUNSEL), FOR
PETITIONERS-RESPONDENTS.

-----------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court,
Niagara County (Ralph A. Boniello, III, J.), entered July 15, 2013 in
a CPLR article 78 proceeding. The judgment granted the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioners, retirees of respondent Niagara Falls
City School District (District), commenced this CPLR article 78
proceeding after respondents transferred them from one health
insurance plan to another, i.e., from a Blue Cross/Blue Shield
Traditional Plan (Traditional Plan) to a Blue Cross/Blue Shield
Forever Blue Medicare Plan (Forever Blue Plan), thereby reducing their
health insurance benefits while failing to effectuate a similar
reduction in benefits for active employees. While they were employed
by the District, petitioners, some of whom are now deceased, were
covered by a collective bargaining agreement (CBA) between the
District and the Civil Service Employees Association, Inc., Local 1000
(CSEA), but the CBA does not provide what kind of health insurance

plan would be available to petitioners during retirement. Prior to July 1, 2011, the Traditional Plan was available to petitioners, but on or about that date, respondents ceased to offer the Traditional Plan and transferred petitioners to the Forever Blue Plan. Petitioners alleged that respondents' actions were arbitrary, capricious, and unlawful, and in violation of chapter 504 of the Laws of 2009 (hereafter, moratorium statute), and sought, inter alia, to compel respondents to make the Traditional Plan available to them again. In opposition to the petition, respondents asserted that the coverage provided under the Forever Blue Plan is the "exact same coverage" as the Traditional Plan, with the exception of "one difference, there is a minor increase in the co-pays under the new current plan." In order to compensate for that increase, respondents deposited $600 per year into a medical reimbursement account for each petitioner. Supreme Court granted the petition in its entirety, and we affirm.

Citing *Kolbe v Tibbetts* (22 NY3d 344), respondents contend that petitioners do not have a viable cause of action under the moratorium statute. Specifically, respondents contend that the holding of the Court of Appeals in *Kolbe* precludes a cause of action under the moratorium statute where the disputed benefit stems from a CBA or other contract. We reject that contention. The moratorium statute sets a minimum baseline or "floor" for retiree health benefits, and that "floor" is measured by the health insurance benefits received by active employees (*see id.* at 357-358). In other words, the moratorium statute does not permit an employer to whom the statute applies to provide retirees with lesser health insurance benefits than active employees (*see Matter of Jones v Board of Educ. of Watertown City Sch. Dist.*, 30 AD3d 967, 970). As relevant herein, we perceive two factors that distinguish this case from *Kolbe*. First, here, unlike in *Kolbe* (*id.* at 357-358), petitioners allege that their health insurance benefits have been diminished below the "floor" of the corresponding benefits for active employees. In our view, that distinguishing factor is the precise trigger that permits petitioners to assert a cause of action under the moratorium statute. Second, the issue in *Kolbe* was whether the respondents therein could reduce or eliminate retiree benefits regardless of the language in the governing CBAs, so long as they made the same modification to active employees (*id.* at 357), and resolving that issue involved an interpretation of the contractual provisions of the governing CBAs. In rejecting the respondents' position in *Kolbe*, the Court of Appeals held that the moratorium statute was "not meant to eviscerate contractual obligations" (*id.* at 358). In the instant case, however, petitioners do not allege that respondents have violated a provision of their CBA and, thus, no issue of contract interpretation is presented here. In sum, the petitioners in *Kolbe* were attempting to vindicate the negotiated rights bestowed on them in the governing CBAs; here, petitioners are attempting to vindicate the rights bestowed on them under the moratorium statute.

With respect to the merits of the instant case, the court properly determined that respondents' actions were arbitrary, capricious, and unlawful, and in violation of the moratorium statute,

because there was a substantial reduction in health insurance benefits for petitioners or their dependents without a corresponding reduction of benefits for active employees (*see Jones*, 30 AD3d at 970). Contrary to respondents' contention, we conclude that petitioners met their burden of establishing the unlawful reduction of their benefits by the affidavit of a health insurance benefits specialist who reviewed the two plans at issue, set forth a table comparing their benefits, and opined that, while active employees experienced an improvement in their health insurance benefits starting July 1, 2011, petitioners concomitantly experienced a "substantial diminution" in their health insurance benefits (*cf. Matter of Bryant v Board of Educ., Chenango Forks Cent. Sch. Dist.*, 21 AD3d 1134, 1137-1138). In opposition, respondents merely asserted in conclusory fashion that the Forever Blue Plan provided the "exact same coverage" as the Traditional Plan, and such conclusory assertions were insufficient to overcome petitioners' proof.

Respondents' remaining contention is improperly raised for the first time on appeal and we therefore do not address it (*see NYCTL 1997-1 Trust v Vila*, 19 AD3d 382, 382).

Entered: February 6, 2015                                     Frances E. Cafarell
                                                             Clerk of the Court