■ Volodymyr Vengrenyuk, Plaintiff, v ExxonMobil Oil Corporation et al., Defendants/Third-Party Plaintiffs-Respondents, and Soilsolution Industries, Inc., Defendant/Second Third-Party Plaintiff-Respondent. Gilmar Design Corporation, Third-Party Defendant/Second Third-Party Defendant-Appellant. [40 NYS3d 506]—

In an action to recover damages for personal injuries, the third-party defendant/second third-party defendant, Gilmar Design Corporation, appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated April 17, 2015, which denied its motion pursuant to CPLR 5015 (a) (1) and CPLR

317 to vacate an order of the same court dated September 14, 2012, granting the unopposed motion of the defendants/third-party plaintiffs, Exxonmobil Oil Corporation and Roux Associates, Inc., for leave to enter a default judgment against it, upon its failure to appear or answer the third-party complaint, and an order of the same court dated June 14, 2013, granting the unopposed motion of the defendant/second third-party plaintiff, Soilsolution Industries, Inc., for leave to enter a default judgment against it, upon its failure to appear or answer the second third-party complaint.

Ordered that the order dated April 17, 2015, is affirmed, with one bill of costs payable to the defendants/third-party plaintiffs-respondents and the defendant/second third-party plaintiff-respondent appearing separately and filing separate briefs.

The Supreme Court properly denied the motion of the third-party defendant/second third-party defendant, Gilmar Design Corporation (hereinafter Gilmar) to vacate the orders granting the motion of the defendants/third-party plaintiffs, Exxonmobil Oil Corporation and Roux Associates, Inc. (hereinafter together Exxon), and the separate motion of the defendant/second third-party plaintiff, Soilsolution Industries, Inc. (hereinafter Soilsolution), for leave to enter judgments against it upon its failure to appear or serve answers to the third-party complaint and second third-party complaint, respectively. The record demonstrates that the address on file for Gilmar with the Secretary of State had not been updated for a period of at least three years (*see Hidalgo v Cruiser Taxi Corp.*, 101 AD3d 950 [2012]; *Fatima v Twenty Seven-Twenty Four Realty Corp.*, 53 AD3d 564 [2008]; *J & S Constr. of NY, Inc. v 321 Bowery LLC*, 39 AD3d 391 [2007]; *Franklin v 172 Aububon Corp.*, 32 AD3d 454 [2006]). Under these circumstances, Gilmar failed to establish a reasonable excuse for its failure to keep the Secretary of State apprised of its current address for the forwarding of process (*see* CPLR 5015 [a] [1]; *Schacker Real Estate Corp. v 553 Burnside Ave., LLC*, 133 AD3d 586, 587 [2015]; *Sussman v Jo-Sta Realty Corp.*, 99 AD3d 787 [2012]; *Bontempts v Aude Constr. Corp.*, 98 AD3d 1071, 1072 [2012]). Additionally, Gilmar lacked potentially meritorious defenses to the third-party actions, as required for vacatur under both CPLR 5015 (a) (1) and 317 (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *NYCTL 2005-A Trust v 2137-2153 Nostrand Ave. Assoc., L.P.*, 69 AD3d 697, 698 [2010]; *Santiago v Sansue Realty Corp.*, 243 AD2d 622, 623 [1997]; *Paul Conte Cadillac v C.A.R.S. Purch. Serv.*, 126 AD2d 621, 622-623 [1987]).

Since Gilmar failed to demonstrate that it was entitled to vacate the default orders pursuant to CPLR 5015 (a) (1) or 317, any failure on the part of Exxon or Soilsolution to comply with CPLR 3215 (g) (4) (i) does not constitute a basis for vacatur of the orders (*see Hamilton Pub. Relations v Scientivity, LLC*, 129 AD3d 1025, 1026 [2015]; *Castle v Avanti, Ltd.*, 86 AD3d 531, 532 [2011]; *Peck v Dybo Realty Corp.*, 77 AD3d 640, 641 [2010]).

Gilmar's remaining contention is without merit. Rivera, J.P., Dickerson, Maltese and Connolly, JJ., concur.