NYCTL 2013-A Trust v Heights Houses Corp. (2019 NY Slip Op 03794)





NYCTL 2013-A Trust v Heights Houses Corp.


2019 NY Slip Op 03794


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-09991
 (Index No. 506486/14)

[*1]NYCTL 2013-A Trust, et al., plaintiffs-respondents,
v
Heights Houses Corp., appellant, et al., defendants; Yussef Saleh, nonparty-respondent.


Berg & David, PLLC, Brooklyn, NY (Abraham David of counsel), for appellant.
Seyfarth Shaw, LLP, New York, NY (Jerry A. Montag of counsel), for plaintiffs-respondents.
Hagan, Coury & Associates, Brooklyn, NY (Paul Golden of counsel), for nonparty- respondent.



DECISION & ORDER
In an action to foreclose a tax lien, the defendant Heights Houses Corp. appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated June 21, 2017. The order, insofar as appealed from, denied those branches of the motion of the defendant Heights Houses Corp. which were pursuant to CPLR 5015(a)(1) and (4) to vacate a judgment of foreclosure and sale dated August 11, 2016, entered upon that defendant's failure to appear or answer the complaint, and to set aside the subsequent foreclosure sale.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs-respondents and the nonparty-respondent, appearing separately and filing separate briefs.
The plaintiffs commenced this action to foreclose a tax lien by summons and complaint dated July 15, 2014. The defendant Heights Houses Corp. (hereinafter the defendant) failed to appear or answer the complaint. Thereafter, on the plaintiffs' unopposed motion, the Supreme Court entered a judgment of foreclosure and sale dated August 11, 2016, which, among other things, directed the auction and sale of the subject property. The nonparty-respondent, Yussef Saleh, purchased the subject property at auction on October 27, 2016.
On December 22, 2016, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) and (4) to vacate the judgment of foreclosure and sale, and to set aside the subsequent foreclosure sale. The Supreme Court denied the motion, and the defendant appeals from the denial of those branches of the motion.
Where, as here, a defendant seeking to vacate a default judgment raises both a jurisdictional objection pursuant to CPLR 5015(a)(4), as well as a discretionary vacatur pursuant to CPLR 5015(a)(1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1) (see HSBC Bank USA, N.A. v Daniels, 163 AD3d 639, 640; Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985).
Contrary to the defendant's contention, the plaintiffs established that they effected service upon the defendant by delivering copies of the summons and complaint to the Secretary of [*2]State (see CPLR 311[a][1]; Business Corporation Law § 306; Thas v Dayrich Trading, Inc., 78 AD3d 1163, 1164), and the defendant's mere denial of receipt, in opposition, was insufficient to rebut the presumption of proper service created by service upon the Secretary of State (see Thas v Dayrich Trading, Inc., 78 AD3d at 1164; Coyle v Mayer Realty Corp., 54 AD3d 713, 713). Therefore, we agree with the Supreme Court's denial of that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale.
Turning to the defendant's alternate request for relief pursuant to CPLR 5015(a)(1), under the circumstances presented, the defendant's unexplained failure to update its address for service that is kept on file with the Secretary of State did not constitute a reasonable excuse (see CPLR 5015[a][1]; compare Vengrenyuk v Exxonmobil Oil Corp., 144 AD3d 670, 671, and Gershman v Midtown Moving & Stor., Inc., 123 AD3d 974, 975, with Li Fen Li v Cannon Co., Inc., 155 AD3d 858, 859). Therefore, we also agree with the Supreme Court's denial of that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1).
To the extent the defendant's contention that it did not receive actual notice of the foreclosure action in time to defend could be construed as a request for relief under CPLR 317 (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143; CPLR 2001), the conclusory affidavit of the defendant's Chief Executive Officer was insufficient to establish a meritorious defense to the foreclosure action (see NYCTL 2005-A Trust v 2137-2153 Nostrand Ave. Assoc., L.P., 69 AD3d 697, 698).
Under the circumstances of this case, the plaintiffs' contention that the appeal should be dismissed is without merit.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court