NYCTL 2015-A Trust v 731 Bergen, LLC (2019 NY Slip Op 04182)





NYCTL 2015-A Trust v 731 Bergen, LLC


2019 NY Slip Op 04182


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-00161
 (Index No. 501522/16)

[*1]NYCTL 2015-A Trust, et al., plaintiffs, 
v
731 Bergen, LLC, respondent, et al., defendants; Chai Bergen Street, LLC, nonparty-appellant.


Arnold Ludwig (William Yurus, Pleasantville, NY, of counsel), for nonparty-appellant.
Akiva M. Goldfarb, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a tax lien, nonparty Chai Bergen Street, LLC, the successful bidder at a foreclosure sale of certain real property in Brooklyn, appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated October 24, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendant 731 Bergen, LLC, which were to vacate an order of reference, to vacate a judgment of foreclosure and sale, and to set aside the foreclosure sale of the premises on the condition that the defendant 731 Bergen, LLC, pay the tax lien within 30 days of that order.
ORDERED that the order dated October 24, 2017, is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant 731 Bergen, LLC, which were to vacate the order of reference, to vacate the judgment of foreclosure and sale, and to set aside the foreclosure sale of the premises are denied.
In February 2016, the plaintiffs commenced this action to foreclose a tax lien on certain commercial property located at 731 Bergen Street in Brooklyn (hereinafter the property). Service on the defendant 731 Bergen, LLC (hereinafter the defendant), was accomplished by serving the Secretary of State. The defendant failed to appear in the action or answer the complaint, and in November 2016, the plaintiffs obtained a judgment of foreclosure and sale upon the defendant's default. An auction was held in March 2017, and nonparty Chai Bergen Street, LLC (hereinafter Chai Bergen), placed the successful bid.
A few days after the foreclosure sale, the defendant moved pursuant to CPLR 317 and 5015(a)(1), inter alia, to vacate the order of reference, to vacate the judgment of foreclosure and sale, and to set aside the foreclosure sale, alleging that the defendant never received notice at any stage of the proceedings, and that it would have immediately paid the taxes had it been aware of them. The Supreme Court granted the motion on the condition that the defendant pay the tax lien within 30 days of the order. Chai Bergen appeals. We reverse.
To vacate a default in answering or appearing pursuant to CPLR 5015(a)(1), a [*2]defendant must demonstrate a reasonable excuse for the default and a potentially meritorious defense in the action (see CPLR 5015[a][1]; Bontempts v Aude Constr. Corp., 98 AD3d 1071, 1072). Here, the defendant's contention that it did not receive notice of the action in time to defend because its agent for service of process had relocated his office without informing the Secretary of State of his new address does not constitute a reasonable excuse (see Paul Conte Cadillac v C.A.R.S. Purch. Serv., 126 AD2d 621, 622; see also Vengrenyuk v Exxonmobil Oil Corp., 144 AD3d 670, 671). Accordingly, the defendant failed to establish a reasonable excuse for its default (see Dwyer Agency of Mahopac, LLC v Dring Holding Corp., 164 AD3d 1214, 1216-1217).
To vacate a default in answering or appearing pursuant to CPLR 317, a defendant must demonstrate that it was served with a summons other than by personal delivery, that it did not receive actual notice of the summons in time to defend, and that it has a meritorious defense (see CPLR 317; Williamson v Marlou Cab Corp., 129 AD3d 711, 713). Here, the defendant's contention that it is ready, willing, and able to pay its taxes does not constitute a meritorious defense (see NYCTL 2005-A Trust v 2137-2153 Nostrand Ave. Assoc., L.P., 69 AD3d 697, 698; Ameritek Constr. Corp. v Gas, Wash & Go, 247 AD2d 418, 419).
The defendant's remaining contention is without merit.
Accordingly, those branches of the defendant's motion which were to vacate the order of reference, to vacate the judgment of foreclosure and sale, and to set aside the foreclosure sale of the property should have been denied.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court