Tradesman Program Mgrs., LLC v Doyle (2022 NY Slip Op 00747)





Tradesman Program Mgrs., LLC v Doyle


2022 NY Slip Op 00747


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Renwick, J.P., Mazzarelli, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 655520/18 Appeal No. 14712-14713-14713A Case No. 2020-04608 2021-00319 2021-00320 

[*1]Tradesman Program Managers, LLC Plaintiff-Respondent,
v
Leo Doyle et al., Defendants-Appellants. 


Phillips Nizer LLP, New York (Laura E. Longobardi of counsel), for appellants.
Meister Seelig & Fein LLP, New York (Kevin Fritz of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered July 24, 2020, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment denied defendants' motion for partial summary judgment denied defendants' motion to vacate the note of issue, granted plaintiff's motion to strike defendant's jury demand and for sanctions, and granted plaintiff's motion for a change of venue, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered November 19, 2019, unanimously dismissed, without costs, as abandoned. Appeal from supplemental order, same court and Justice, entered on or about October 28, 2020, unanimously dismissed, without costs, as abandoned.
The motion court properly found that plaintiff was entitled to a judgment declaring that defendant JCB Associates NY, Inc. was not a member of plaintiff, and thus not entitled to claim an interest in the entity. We reject JCB's argument that plaintiff was estopped from disputing JCB's ownership interest on the basis of a Schedule K-1 that plaintiff distributed to its members for the 2017 tax year, which showed JCB to have an 18.75% profit and loss share and a "various" capital share. Tax estoppel "applies where . . . the party seeking to contradict the factual statements as to ownership in the tax returns signed the tax returns, and has failed to assert any basis for not crediting the statements" (PH-105 Realty Corp. v Elayaan, 183 AD3d 492, 492-493 [1st Dept 2020]). However, plaintiff did not sign the K-1 in question. Moreover, plaintiff has offered a reasonable explanation why the statement contradicts reality - namely, the affidavit of one of its managers stating that it paid distributions to JCB solely on the basis of misrepresentations made to plaintiff by nonparty Doherty & Associates, P.C., one of its original members.
Additionally, the record shows that the purported assignments to JCB were dated January 1, 2017, more than one year before JCB existed. Accordingly, the assignments were made to a nonexistent entity incapable of receiving them, thus rendering those assignments void (Kiamesha Dev. Corp. v Guild Props., 4 NY2d 378, 388 [1958]). Furthermore, one of plaintiff's notices to admit sought an admission that "JCB . . . did not contribute any capital directly to" plaintiff. Defendants did not timely respond to the notices to admit, and hence, are deemed to have admitted the allegations in the notice (see Watson v City of New York, 178 AD2d 126, 128 [1st Dept 1991]). That plaintiff enjoyed no such benefit from JCB militates against any conclusion that it is estopped from denying JCB's ownership stake, notwithstanding JCB's nonexistence at the time of the assignment (see Boslow Family Ltd. Partnership v Glickenhaus & Co., 7 NY3d 664, 667 [2006]).
Plaintiffs also established as a matter of law that they properly redeemed the membership interests of defendant Leo Doyle. Preliminarily, we disagree with the motion court [*2]that the redemption was properly based on Doyle's prior felony conviction. The operating agreement provides in § 11.4(a) that "[i]n the event of . . . the vote of a Majority in Interest of the non-offending Members following an event involving a Member and constituting Cause . . . the Company shall redeem the Membership Interests of the relevant Member." "Cause," in turn, is defined in the operating agreement as,
"With respect to a Manager or Member (a) the conviction of such Manager, Member, or Control Person of an Entity Member, of a felony (after all available appeals have been taken or the time therefor has expired), (b) gross negligence or willful misconduct by such Manager with respect to the Company, including any other act or omission involving significant and willful dishonesty or fraud with respect to the Company or any of its customers or service providers, (c) any material breach by a Manager or Member of this Agreement or any other agreement between such Manager or Member of this Agreement or any other agreement between such Manager or Member and the Company, (d) with respect to a Manager, substantial and repeated failure to perform employment duties as reasonably directed by the Members, provided that written notice of such failures is provided to such Manager in a manner sufficient to allow him or her to avoid their repetition."
Reading this definition as a whole, it is clear that the drafters intended that redemption for cause be related to a member or manager's conduct while affiliated with the entity, not something that occurred before that time. Furthermore, the agreement expressly refers to redemption "following an event involving a Member." Thus, because Doyle was not a member when his conviction occurred, plaintiff was not entitled to redeem his membership interests on this ground.
Nevertheless, the redemption was still authorized because of Doyle's participation in the attempted transfer of equity ownership in plaintiff from Doherty & Associates to JCB. That transfer was in material breach of the operating agreement, which restricted transfers of ownership interests. By assisting in a transfer that violated the terms of the operating agreement, Doyle gave plaintiff cause to redeem his shares under that part of the definition of "cause" describing it as "material breach by a Manager or Member of this Agreement."
In light of our determination that summary judgment was properly awarded to plaintiff on both branches of the declaratory relief it sought, we need not reach the issue of whether the court providently exercised its discretion in declining to vacate the note of issue or permit post-note of issue discovery in light of defendants' failure to seek the discovery earlier. Nor need we determine whether defendants are entitled to a jury trial.
Finally, plaintiff was not obliged to move for a change of venue of a separate action filed by defendants in Dutchess County (see Kramer, Levin, Nessen, Kamin & Frankel v International [*3]800 Telecom Corp., 190 AD2d 538, 539 [1st Dept 1993]). The motion court was already hearing this action and had disposed of a special proceeding that JCB had brought in New York County; hence, the court was in the best position to determine if the Dutchess County action brought by JCB and Doyle was related to this case (see id.).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022