C3 Data, LLC v 212 Media Group Inc. (2025 NY Slip Op 00182)

C3 Data, LLC v 212 Media Group Inc.

2025 NY Slip Op 00182

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Manzanet-Daniels, J.P., Pitt-Burke, Higgitt, Rosado, Michael, JJ. 

Index No. 652813/23 Appeal No. 3479 Case No. 2024-05232 

[*1]C3 Data, LLC Doing Business as Massive and Company, LLC, Plaintiff-Respondent,
v
212 Media Group Inc., et al., Defendants-Appellants. 

Rosenberg Fortuna & Laitman, LLP, Garden City (Lee E. Riger of counsel), for appellants.
Mintz & Gold LLP, New York (Andrew A. Smith of counsel), for respondent.

Order, Supreme Court, New York County (Lyle Frank, J.), entered on or about August 7, 2024, which denied the motion of defendants 212 Media Group Inc., 212 Media GRP Inc., and 212 Media Marketing Inc. to vacate the default judgments against them, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying defendants' motion in accordance with CPLR 317 (see Eugene Di Lorenzo, Inc. v A. C. Dutton Lbr. Co., 67 NY2d 138, 141-142 [1986]; Lawrence v Esplanade Gardens, 213 AD2d 216, 216 [1st Dept 1995]). Defendants failed to update their registered forwarding and office addresses with the Secretary of State, even after they were named as defendants and failed to appear in another action in which they were served in accordance with Business Corporation Law § 306, as they were in this action. These facts give rise to an inference that defendants were deliberately attempting to avoid notice of this action.
Moreover, defendants did not demonstrate a meritorious defense to the action in relying on a general release provision in a confidential agreement that settled claims in a California action. That provision released only claims between defendants and plaintiff, who collectively were the defendants in that action, and the claimants in the California action. The release did not apply to claims between plaintiff and defendants themselves.
Any failure by plaintiff to comply with the additional service requirements under CPLR 3215(g)(4)(i) and (ii) does not compel vacatur of the default judgments, as defendants failed to provide grounds for vacatur (see Gourvitch v 92nd & 3rd Rest Corp., 146 AD3d 431, 431 [1st Dept 2017]; Lopez v Trucking & Stratford, 299 AD2d 187, 187 [1st Dept 2002]).
We have considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025